In the Interest of Olivia Guinn CHAMBERS, a Minor Child.

No. 06–99–00013–CV.

Court of Appeals of Texas, Texarkana.

Argued Sept. 21, 1999.

Decided Oct. 21, 1999.

R.L. Whitehead, Jr., Longview, for appellant.

Vernard G. Solomon, Marshall, for appellee.

Before ROSS, McCRAW, and HOLCOMB, JJ. Justices JOHN L. McCRAW, Jr. and CHARLES HOLCOMB Sitting by Assignment.

## OPINION

Opinion by Justice JOHN L. McCRAW, Jr. (Assigned).

Marcia Moore appeals from a withholding order that directs her former husband,

Charles Chambers, to pay $150.00 per month on a $20,000.00 child support arrearage. In a single contention of error, Moore argues that the trial court erred by entering a withholding order that did not require a child-support arrearage to be paid off within two years as required by TEX. FAM.CODE ANN. § 158.003 (Vernon 1996).

The clerk's record shows that Moore filed a motion to modify in connection with Chambers' failure to pay child support. In an order signed November 2, 1998, the court found that he was in arrears in the total amount of $20,720.26 and directed him to pay the amount (with twelve percent interest) at the rate of $150.00 per month until paid in full. On November 24, Chambers filed a document objecting to the modification of visitation privileges and raising a "counterclaim" asking the court to reconsider its order. On January 14, 1999, the court signed another order in connection with the motion to modify. That order contains language incorporating the prior order on arrearages and contains specific language concerning visitation. On the same date, the court also signed an order directing Chambers' employer to withhold current child support and also to withhold the additional $150.00 arrearage payment.[1] The nature of our review is limited in this appeal because no reporter's record was requested or prepared; thus, our analysis is limited to claims of error shown by the clerk's record.

Moore appeals from the final order. She contends that the trial court erred by failing to order a sufficient level of withholding to liquidate the arrearage within two years. Her contention of error does not in any way raise an evidentiary complaint, but is based instead on her position

that a specific statute was improperly applied by the trial court. The relevant section of the Family Code reads as follows:

### § 158.003. Withholding for Arrearages in Addition to Current Support

(a) In addition to income withheld for the current support of a child, the court shall order that income be withheld from the disposable earnings of the obligor to be applied toward the liquidation of any child support arrearages, including accrued interest as provided in Chapter 157.

(b) The **additional amount to be withheld for arrearages shall be an amount sufficient to discharge those arrearages in not more than two years** or an additional 20 percent added to the amount of the current monthly support order, whichever amount will result in the arrearages being discharged in the least amount of time.

TEX. FAM.CODE ANN. § 158.003 (emphasis added).[2]

Moore contends that the court erred as a matter of law in applying this statute because the amount ordered cannot discharge the stated arrearage within two years. In our review, however, we must also examine the court's order in light of Texas Family Code § 158.007, which provides that:

If the court finds that the schedule for discharging arrearages would cause the obligor, the obligor's family, or children for whom support is due from the obligor to suffer unreasonable hardship, **the court may extend the payment period for a reasonable length of time.**

TEX. FAM.CODE ANN. § 158.007 (Vernon 1996) (emphasis added).

---

1. The order also ordered Chambers to provide health insurance and ordered his employer to withhold sufficient funds to pay for the insurance.

2. Moore filed her motion for enforcement of the child support obligation under Section

157 of the Family Code. Section 157.001(c) provides that the court may enforce a final order for child support either under that chapter or under Chapter 158. TEX. FAM.CODE ANN. § 157.001 (Vernon 1996).

█ The plain language of the statute gives the trial court discretionary power over the amount of payment. Thus, the amount of arrearage to be paid each month is determined by the court and is subject to appellate review for an abuse of discretion. *Starck v. Nelson,* 878 S.W.2d 302, 308–09 (Tex.App.-Corpus Christi 1994, no writ);[3] *Tamez v. Tamez,* 822 S.W.2d 688, 692 (Tex.App.-Corpus Christi 1991, writ denied).

█ Moore argues that because the statute provides that the court may extend the payment period for "a reasonable length of time," there is necessarily a minimum amount that the court can order paid each month on the arrearage. She contends that the proper minimum must be at least an amount that would keep pace with the amount of interest accruing on the arrearage. The statute does not support this position. The Legislature chose to write this statute to give the trial court discretion to make its decision based upon the facts of the particular case.

Thus, if the trial court had facts before it from which it could conclude that a higher payment would cause the obligor to suffer an unreasonable hardship, it had the authority to extend the payment schedule. TEX. FAM.CODE ANN. § 158.007. Further, the "reasonable length of time" aspect of the statute is linked with the requirement that the amount of payment not cause an "unreasonable hardship" upon the obligor or the obligor's family. *Id.* This is a factually based question, which must be decided by each court based upon the particular case at bar.

Further, the Family Code also mandates that a court may order withholding of no more than the maximum amount of fifty percent of the obligor's disposable earnings. TEX. FAM.CODE ANN. § 158.009 (Vernon Supp.1999). This Court will not impose a mandatory minimum payment as a matter of law when the Legislature has chosen not to write such a minimum into the statute and has provided other factors that must be considered in deciding the amount of monthly payments to be imposed upon the obligor. Accordingly, we cannot conclude that as a matter of law the trial court erroneously applied a mandatory statute.

█ We emphasize that the argument set out by counsel is focused solely upon the application of the statute. It does not in any respect attack the sufficiency of the evidence to support the award under Section 158.007 or allege that the trial court abused its discretion in making a ruling based upon that evidence. Even if counsel had attacked the sufficiency of the evidence or alleged abuse of discretion, this Court is confronted with the fact that no findings were requested of or entered by the trial court in this case,[4] and with the absence of a reporter's record for our review.[5]

Even if evidentiary issues had been raised that would require us to review the court's decision for abuse of discretion, in

---

3.  Citing to the statute prior to recodification: TEX. FAM.CODE ANN. § 14.43(d), *repealed by* Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 2(1), 1995 Tex. Gen. Laws 282 (effective April 20, 1995) (repealing all of Title 2, "Parent and Child"). The current version of these provisions is now codified in Title 5, "Parent–Child Relationship." *See* TEX. FAM.CODE ANN. §§ 101.004–264.701 (Vernon 1996 & Supp. 1999).

4.  When a party does not request findings of fact the judgment implies that all necessary findings of fact to support it are present, provided that the proposition is one raised by the pleadings and supported by the evidence,

and that the judge's decision can be sustained on any reasonable theory that is consistent with the evidence and the applicable law, considering only the evidence favorable to the decision. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990).

5.  Counsel specifically stated in his docketing statement that he had not requested a transcription of the hearing that resulted in this order, because his entire argument was addressed at the application of the statute. Thus, no reporter's record has been filed with this Court.

the absence of a reporter's record we could not provide the necessary review. This is highlighted by the fact-driven nature of the decisions that a trial court must necessarily make in deciding how much a given individual can be ordered to pay on arrearages. We have cited the statutes requiring the trial court to balance various factors in making this determination. A similar matter was addressed under Section 14.43(d), the predecessor statute, in *State ex rel. Nelson v. Nelson*, 783 S.W.2d 635 (Tex.App.-Houston [14th Dist.] 1989, writ denied).

In that case, the court upheld a decision ordering no payment on an arrearage through withholding. The court reviewed the evidence reflecting current child support obligations, a minimum wage job, loss of a much higher paying job, large outstanding debts, and a likely garnishment by the Internal Revenue Service to pay off back taxes. Based upon those factors, the Houston court concluded that the trial court did not abuse its discretion by refusing to order the additional wage withholding, but noted that additional withholding could be sought if the former spouse's situation changed. In order to review the court's application of the statutes in light of the evidence for abuse of discretion, a full record is necessary. Accordingly, even if evidentiary contentions had been raised, we do not have a sufficient record to permit us to review the evidence and determine whether the trial court abused its discretion in applying the statutes set out above.

The judgment is affirmed.