180 S.W.3d 647 (2005)
In the Interest of D.C. and D.C., Children.
No. 10-04-00355-CV.
Court of Appeals of Texas, Waco.
October 12, 2005.
*648 Todd R. Phillippi, Midlothian, for appellant.
*649 Eddie Cunningham, Dallas, pro se.
Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

OPINION
FELIPE REYNA, Justice.
Rebecca Jernigan filed a motion to enforce the child support provisions of her 1990 divorce decree, which dissolved her marriage with Eddie Duane Cunningham. The court rendered judgment for $8,768 in arrearages, found Cunningham in contempt of court for failing to pay these sums, and ordered him confined for 180 days for each violation. The court suspended commitment on condition that Cunningham pay these arrearages at $150 per month.
Jernigan contends in three issues that the court abused its discretion: (1) by permitting Cunningham to pay off his arrearages over a period which will exceed the two-year limit set by section 158.004 of the Family Code because Cunningham presented no evidence and factually insufficient evidence to show that a two-year payout would cause him "to suffer unreasonable hardship" as contemplated by section[1] 158.007; (2) "by granting the hardship exception" without considering the current financial condition of Cunningham, his family, or his children; and (3) by finding that section 158.004 does not apply. We will reverse and remand.

Approval of Judgment
The dissent states that because Jernigan signed the judgment indicating her approval "as to form and content" and because her counsel signed the judgment indicating his approval "as to form," the judgment cannot be challenged on appeal.
However, appellate courts are divided on this issue. Some courts have held that the phrase "Approved as to Form and Substance" does not standing alone establish a consent judgment. See In re Broussard, 112 S.W.3d 827, 832 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding); Oryx Energy Co. v. Union Natl. Bank of Tex., 895 S.W.2d 409, 417 (Tex.App.-San Antonio 1995, writ denied); First Am. Title Ins. Co. v. Adams, 829 S.W.2d 356, 364 (Tex. App.-Corpus Christi 1992, writ denied). Other courts differentiate between this phrase and the phrase "Approved as to Form." According to these courts, the former phrase indicates a consent judgment while the latter does not. See Johnson v. Rancho Guadalupe, Inc., 789 S.W.2d 596, 603 (Tex.App.-Texarkana 1990, no writ); Cisneros v. Cisneros, 787 S.W.2d 550, 552 (Tex.App.-El Paso 1990, no writ); Bexar County Crim. Dist. Atty.'s Off. v. Mayo, 773 S.W.2d 642, 644 (Tex.App.-San Antonio 1989, no writ);[2]Allied First Natl. Bank of Mesquite v. Jones, 766 S.W.2d 800, 801 (Tex.App.-Dallas 1988, no writ); see also Hill v. Bellville Gen. Hosp., 735 S.W.2d 675, 678 (Tex.App.-Houston [1st Dist.] 1987, no writ) ("a signed approval has the effect of making a judgment a consent judgment. But in all cases cited, the language was never less than `Approved as to form and substance.'").
Here the judgment makes no reference to an agreement of the parties regarding the terms of the judgment. Cf. Biaza v. Simon, 879 S.W.2d 349, 351 (Tex.App.-Houston [14th Dist.] 1994, writ denied) ("The Court finds that the parties have agreed and consented to the terms of this Decree."). Under these circumstances, we agree with the observations of the San Antonio Court in Lohse v. Cheatham, 705 S.W.2d 721 (Tex.App.-San Antonio 1986, writ dism'd). "Nowhere in the decree does it recite that the Court is making any disposition according to an agreement of the parties. The document contains the signatures of the parties and their attorneys evidencing their approval of the document as reflecting the trial court's actions." Id. at 725-26; accord Johnson, 789 S.W.2d at 602 (Bleil, J., dissenting).
The dissent cites three cases to support its position that Jernigan cannot challenge the judgment on appeal. First Natl. Bank of Beeville v. Fojtik, 775 S.W.2d 632, 633 (Tex.1989) (per curiam); Mailhot v. Mailhot, 124 S.W.3d 775, 777-78 (Tex.App.-Houston [1st Dist.] 2003, no pet.); Morse v. Delgado, 975 S.W.2d 378, 381 (Tex.App.-Waco 1998, no pet.). However, these cases are distinguishable. First National Bank involved plaintis who, after receiving a jury verdict of zero damages, filed a motion for judgment plainly stating their disagreement with the verdict.[3]First Natl. Bank, 775 S.W.2d at 633. They approved the judgment in question as to form only. The Supreme Court recognized the plaintiffs' "reservation of the right to complain... [as] an appropriate exercise of such a right." Id. However, the Court did not say whether anything different would suffice.
Mailhot likewise was a case in which the appealing party requested entry of the judgment in question. There, the parties reached a settlement agreement, dictated the terms of the agreement on the record, and both testified that they desired the court to render judgment accordingly. Mailhot, 124 S.W.3d at 777. This was an agreed judgment which could not have been challenged on appeal regardless of the inclusion of the phrase "approved as to both form and substance." In fact, it does not appear that the court relied on this phrase as a basis for its holding.[4]See id. at 778 ("Husband has not preserved error to complain of the judgment, which he `approved as to both form and substance.'").
In Morse, this Court held that counsel's signature indicating that he did not oppose the form of the judgment did not make it an agreed judgment. See Morse, 975 S.W.2d at 381. We stated that counsel's signature of approval "did not represent that he agreed with the substance of the judgment." Id. However, this does not equate to a holding that inclusion of the phrase "approved as to form and substance" in a judgment with counsel's (and/or a party's) signature makes the judgment an agreed judgment. Id. Therefore, Morse is not inconsistent with our holding here.
For the foregoing reasons, we conclude that the judgment in this case is not an "agreed judgment"

Unreasonable Hardship
Cunningham contends that the monthly budget which he offered in evidence gave *651 the court sufficient information to find that a shorter repayment schedule would cause him "to suffer unreasonable hardship" and that a longer payout is justified in part because nearly $3,800 of the arrearages arose from unreimbursed medical expenses which Jernigan did not present to him until the date of the hearing.
Jernigan's issues all concern statutes in the Family Code providing for income withholding to satisfy child support arrearages, including sections 158.004 and 158.007. Chapter 158 of the Family Code governs income withholding for child support. See TEX. FAM.CODE ANN. §§ 158.001-158.507 (Vernon 2002 & Supp.2004-2005).
Section 158.001 requires income withholding "[i]n a proceeding in which periodic payments of child support are ordered, modified, or enforced." TEX. FAM.CODE ANN. § 158.001 (Vernon 2002). Section 158.002 permits the suspension of income withholding "for good cause shown or on agreement of the parties." Id. § 158.002 (Vernon 2002).
Section 158.004 provides:
If current support is no longer owed, the court or the Title IV-D agency shall order that income be withheld for arrearages, including accrued interest as provided in Chapter 157, in an amount sufficient to discharge those arrearages in not more than two years.
Id. § 158.004 (Vernon 2002). Section 158.004 applies here because the children the subject of this suit are older than eighteen years of age and so Cunningham's duty to pay "current support" has terminated.[5]Id. § 154.001(a)(1) (Vernon 2002), § 154.006(a)(4)(A) (Vernon Supp. 2004-2005).
Trial courts are generally invested with "broad discretion" to make child support determinations. See Hardin v. Hardin, 161 S.W.3d 14, 21 (Tex.App.-Houston [14th Dist.] 2004), appeal dismissed per settlement, 2005 WL 310076 (Tex.App.-Houston [14th Dist.] Feb. 10, 2005, no pet.) (per curiam) (not designated for publication);[6]In re Marriage of Grossnickle, 115 S.W.3d 238, 245 (Tex. App.-Texarkana 2003, no pet.); In re Z.B.P., 109 S.W.3d 772, 781 (Tex.App.-Fort Worth 2003, no pet.). However, a court has no discretion with regard to confirming child support arrearages proven by an obligee in an enforcement proceeding and reducing those arrearages to judgment.[7]See TEX. FAM.CODE ANN. § 157.262 (Vernon 2002); In re S.R.O., 143 S.W.3d 237, 248 (Tex.App.-Waco 2004, no pet.); In re M.C.R., 55 S.W.3d 104, 108-09 (Tex.App.-San Antonio 2001, no pet.).
*652 Nevertheless, a trial court does have discretion in setting the monthly payment for confirmed arrearages and in extending the payout term for "a reasonable length of time" on a finding "that the schedule for discharging arrearages would cause the obligor, the obligor's family, or children for whom support is due from the obligor to suffer unreasonable hardship." See TEX. FAM.CODE ANN. § 158.007 (Vernon 2002); In re M.C.R., 55 S.W.3d at 109; In re Chambers, 5 S.W.3d 341, 343 (Tex.App.-Texarkana 1999, no pet.); Starck v. Nelson, 878 S.W.2d 302, 308 (Tex.App.-Corpus Christi 1994, no writ).
Here, the parties do not dispute the amount of the arrearages. Therefore, our review is limited to the issue of whether the court abused its discretion by permitting Cunningham to pay off the arrearages over a period which will exceed two years. An abuse of discretion in this context occurs when there is not a sufficient factual basis in the record to support the decision. See State v. $217,590, 18 S.W.3d 631, 633-34 (Tex.2000); Holt Tex., Ltd. v. Hale, 144 S.W.3d 592, 595 (Tex.App.-San Antonio 2004, no pet.); Landon v. Jean-Paul Budinger, Inc., 724 S.W.2d 931, 938 (Tex.App.-Austin 1987, no writ).
The total arrearages of $8,768 consist of $5,001 in missed child support payments and $3,767 in unreimbursed medical expenses. The parties do not dispute that the court's order that these arrearages be paid with interest at $150 per month will result in a payout period of more than five years.
Cunningham presents two arguments to support his position that the court did not abuse its discretion by granting him an extended payout: (1) his monthly budget provided the court sufficient information to find that a shorter repayment schedule would cause him "to suffer unreasonable hardship"; and (2) nearly $3,800 of the arrearages arose from unreimbursed medical expenses which Jernigan did not present to him until the date of the hearing. We begin with the latter argument.
Section 158.007 provides a limited basis for extending the payout of arrearages. The statute focuses on the financial situation of the obligor and his family  not on the conduct of the obligee. See TEX. FAM.CODE ANN. § 158.007. Thus, we hold that the timing of Jernigan's request for reimbursement for medical expenses has no bearing on whether Cunningham should receive a "hardship extension" under section 158.007.
For about four months before the first hearing,[8] Cunningham had been voluntarily paying $100 per week toward the arrearages. At the hearing, Cunningham offered in evidence his monthly budget, showing $433 per month for child support. Cunningham testified that he was "on a very tight, tight, tight budget." However, the question of "unreasonable hardship" was not raised in this hearing, and Cunningham did not ask the court to lower his child support payment.
Following the hearing, the court advised the parties by letter that Cunningham would be required to pay the arrearages at $150 per month. Jernigan filed a motion to clarify this ruling because the payout term exceeded the presumptive two-year *653 period provided by section 158.004. At the hearing on Jernigan's motion to clarify, the parties focused on whether Cunningham would "suffer unreasonable hardship" under a two-year payout. See TEX. FAM.CODE ANN. § 158.007.
At this hearing, Cunningham testified that he had "restructured [his] finances" because of the court's letter ruling. He acknowledged that he had voluntarily paid $100 per week before the enforcement hearing but explained that his primary concern with making court-ordered payments in this amount is the possibility of confinement if his financial circumstances change.
The biggest concern I have with the amount of payments is while I was making $100 a week payments those were voluntary payments in an effort to reduce the debt. They didn't carry with them a six-month jail sentence and according to the decree haven't waived any sort of fines if I hit a stump in the road and missed one.
Cunningham did not provide any details as to how he had "restructured [his] finances." His testimony suggests that his present financial circumstances permit him to pay $100 per week but he is concerned about the consequences of future financial difficulties. This is simply not an adequate factual basis to support a finding that requiring Cunningham to pay the arrearages off in two years will result in an "unreasonable hardship."
Because the record does not provide an adequate factual basis to support the court's implied finding of "unreasonable hardship," we conclude that the court abused its discretion by permitting Cunningham to pay off his arrearages over a period of more than two years. See $217,590, 18 S.W.3d at 633-34; Holt Tex., 144 S.W.3d at 595; Landon, 724 S.W.2d at 938. Thus, we sustain Jernigan's issues.
We reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion.
Chief Justice GRAY dissenting.
TOM GRAY, Chief Justice, dissenting.
I dissent. I refuse to find that a trial court errs when it signs a judgment expressly "agreed as to form and content" by the appellant individually and agreed as to form by the attorney for the appellant, the only party represented by an attorney. See First Nat'l Bank v. Fojtik, 775 S.W.2d 632, 633 (Tex.1989) (per curiam); Morse v. Delgado, 975 S.W.2d 378, 381 (Tex.App.-Waco 1998, no pet.); Mailhot v. Mailhot, 124 S.W.3d 775, 777 (Tex.App.-Houston [1st Dist.] 2003, no pet.).
The judgment concludes as follows:

*654 I do not find any case with facts like this one. The appellant and her attorney signed the judgment. The attorney agreed only as to the form of the judgment. The appellant expressly agreed to the content of the judgment. This is the distinction that shows that regardless of what the "agreed as to form" language may mean, this appellant agreed to the judgment. Unfortunately, because the appellee is representing himself, it is unlikely that the Texas Supreme Court will have the opportunity to resolve the general conflict among the courts of appeals on this language, or resolve the disagreement on this court regarding the distinction presented in this case.
Further, on the issues presented, I would find no abuse of discretion. Given the use and treatment of the list of assets by the majority in Kibodeaux v. Musslewhite, it is impossible to harmonize this case with Kibodeaux. See Kibodeaux v. Musslewhite, No. 10-04-00223-CV, 2005 WL 1654729, 2005 Tex.App. LEXIS 5563 (Tex.App.-Waco July 13, 2005, no pet.) (mem.op.).
NOTES
[1] The term "section" as used hereinafter refers to a section of the Family Code unless otherwise indicated.
[2] The San Antonio Court has issued decisions on both sides of this issue.
[3] The plaintiffs' motion for judgment stated:

While Plaintiffs disagree with the findings of the jury and feel there is a fatal defect which will support a new trial, in the event the Court is not inclined to grant a new trial prior to the entry of judgment, Plaintiffs pray the Court enter the following judgment. Plaintiffs agree only as to the form of the judgment but disagree and should not be construed as concurring with the content and result.
First Natl. Bank of Beeville v. Fojtik, 775 S.W.2d 632, 633 (Tex.1989) (per curiam).
[4] Thus, this portion of the Mailhot opinion is dictum. See Lester v. First Am. Bank, 866 S.W.2d 361, 363 (Tex.App.-Waco 1993, writ denied) ("Dictum, which includes expressions of opinion on a point or issue not necessarily involved in the case, will not create binding precedent under stare decisis.").
[5] Section 158.003 applies in cases in which the obligor is paying "current support." That section, like section 158.004, provides for a presumptive 2-year payout for arrearages.

(b) The additional amount to be withheld for arrearages shall be an amount sufficient to discharge those arrearages in not more than two years or an additional 20 percent added to the amount of the current monthly support order, whichever amount will result in the arrearages being discharged in the least amount of time.
TEX. FAM.CODE ANN. § 158.003(b) (Vernon 2002).
[6] The Fourteenth Court of Appeals expressly stated in the dismissal order that it was not withdrawing its prior opinion in the case. See Hardin v. Hardin, No. 14-03-00342-CV, 2005 WL 310076 at *1 (Tex.App.-Houston [14th Dist.] Feb. 10, 2005, no pet.) (per curiam) (not designated for publication).
[7] Nor does a court have discretion in requiring the obligor to pay statutory interest on confirmed arrearages. See In re M.C.R., 55 S.W.3d 104, 108-09 (Tex.App.-San Antonio 2001, no pet.). Under limited circumstances however, a court may reduce the amount of arrearages assigned to a Title IV-D agency. See TEX. FAM.CODE ANN. § 157.262(e) (Vernon 2002).
[8] Jernigan filed her motion to enforce in February 2004. The court conducted the first hearing on this motion in June. Shortly thereafter, the court mailed a letter to the parties informing them that Cunningham would be ordered to make monthly payments of $150 toward the child support arrearages. Jernigan filed a motion to clarify this ruling because it would extend the arrearages payout beyond 2 years. The court heard Jernigan's motion to clarify in September.