TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00426-CV






Edward D. Westbrook, Appellant


v.


Vanessa Westbrook, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. D-1-FM-99-010253, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Edward D. Westbrook, appearing pro se, appeals the district court's order
confirming child support arrearages, health care insurance premium reimbursement arrearages, and
health care expense reimbursement arrearages. We affirm the district court's order.

 Edward Westbrook and appellee Vanessa Westbrook were divorced in 2000. They
had two minor children. The final decree of divorce required Edward to pay child support, a portion
of the premiums for the children's coverage under the health insurance plan provided by
Vanessa's employer, and half of the children's reasonable and necessary health care expenses not
paid by insurance.

 Edward was ordered to appear before the Travis County district court on
March 22, 2004, regarding contempt for failure to pay child support. He failed to appear in court
on that day, and the court ordered a capias be issued for his arrest. See Tex. Fam. Code Ann.
§ 157.114 (West 2002). Edward was arrested in August 2005 pursuant to the capias.

 In a November 14, 2005 hearing, the appointed associate judge found that the parties
had entered into an agreement under which Edward would make monthly payments of $100 to
satisfy the arrearage amount of $12,984.61, in addition to his monthly child support payments. The
district court approved the associate judge's November 14 findings and recommendations on
November 15, 2005. On April 24, 2006, the parties again appeared before an associate judge, who
again found that the parties had agreed to monthly payments of $100 on the arrearage amount, which
had increased to $13,274.68. The associate judge also recommended that after July 2006--upon
which Edward's obligation under the divorce decree to make child support payments ceased because
the Westbrooks' youngest child turned 18--Edward's monthly payments to satisfy the remaining
arrearage amount would increase to $250. The district court approved the associate judge's April 24
findings and recommendations on May 5, 2006.

 Edward appealed to the district court and requested a de novo hearing. See id.
§ 201.015 (West Supp. 2008). On May 26, 2006, the district court held the requested de novo
hearing and upheld the court's previous findings and recommendations from the April 2006 hearing. Edward raises various arguments attacking the accuracy of the $13,274.68 arrearage
amount. He complains that he was never given proof of how the amount was determined and
calculated, and was only shown a summary document without itemization of medical payments. As
a result, he asserts, it is possible that the amount includes insurance premium amounts applicable to
Vanessa's individual coverage, or that it includes expenses incurred prior to the divorce in 2000. (1) 
Edward also alleges that in connection with his arrest, he had to pay $3,827, which should
be deducted from the arrearage amount. Further, Edward claims that he never received advance
notice of any increase in health insurance premiums, which the divorce decree requires for Edward
to be responsible for any such increase. However, the Associate Judge's Report Concerning Agreed
Orders from the November 2005 hearing contains Edward's signature under the caption
"AGREED AS TO BOTH FORM AND SUBSTANCE." We recognize that some courts of appeals
have held that such phrase does not, standing alone, establish a consent judgment. See In re D.C.,
180 S.W.3d 647, 649-50 (Tex. App.--Waco 2005, no pet.). Here, however, there is additional
reference to an agreement of the parties. The arrearage amount is set forth as an "agreed condition,"
and the associate judge's report is styled as "Concerning Agreed Orders." Edward cannot, on appeal,
seek to overturn an order in an amount to which he has agreed. (2)

 Edward also complains of the district court's failure to adjust the child support
arrearages to reflect time periods between the divorce and the hearing during which he was
unemployed. A court may modify an order that provides for child support in the event of a
change of circumstances. Tex. Fam. Code Ann. § 156.401(a) (West Supp. 2008). However, such
a modification only affects obligations accruing after the party's appearance in the suit to modify. 
See id. § 156.401(b). The district court, therefore, did not have the authority to retroactively reduce
the child support arrearages because of a past change of circumstances. (3) Edward also alleges that
the district court refused to allow him to present documents of proof regarding his unemployment,
work, and school history. However, while Edward referred to the documents during the de novo
hearing, he never attempted to introduce them into evidence. Therefore, the documents are not in
evidence and there is no ruling of the court keeping them from being admitted for us to review. 
Edward failed to preserve any error on this point. See Sparks v. Booth, 232 S.W.3d 853, 870
(Tex. App.--Dallas 2007, no pet.).

 Edward presents two additional complaints concerning issues not before the district
court in the de novo hearing. First, he complains that Vanessa violated the divorce petition's
requirement that Edward have visitation rights. However, this issue was not raised in the trial court
and, therefore, is waived on appeal. See Tex. R. App. P. 33.1(a). Edward also complains that
his being "chained down and hand cuffed like a murderer" violated "his Civil Rights." 
Edward's arrest was a result of a capias issued due to his failure to appear in court when required to
do so. See Tex. Fam. Code Ann. § 157.114. Edward does not identify a specific constitutional right
violated by his arrest, and we are unable to identify any constitutional violation on the record before
us. Cf. In re Gonzalez, 993 S.W.2d 147, 157-58 (Tex. App.--San Antonio 1999, no pet.)
(parent may be held in contempt and imprisoned for failure to pay child support).

 Having disposed of all of Edward Westbrook's arguments on appeal, we affirm the
order of the district court.



 __________________________________________

 G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: September 25, 2008

1. Edward finds evidence for the possibility that the arrearage amount includes pre-divorce
expenses in the associate judge's finding, following the November 2005 hearing, that the amount
included "both child support arrears and uninsured medical expenses and medical premiums
reimbursement from September 1995 until November 14, 2005." (Emphasis added). We note that
during the de novo hearing in May 2006, a representative of the Travis County Domestic Relations
Office explained that the reference to September 1995 described the beginning of Vanessa's
coverage under her employer's health insurance, not the beginning of the period for which Vanessa
sought reimbursement.
2. Edward contends that he was informed by a representative of the Office of the Attorney
General that his signature was not a "sign of admission" to him owing the stated arrearage amount,
but was merely to show proof of his presence for mediation, and that the representative knew he did
not have and could not afford an attorney during the time of mediation. However, there is nothing
in the record that shows any such statements made to Edward, or even that an attorney general
representative made an appearance in the November 2005 hearing.

3. We note that Edward had the opportunity to seek modification of his child support
payments before the district court on March 22, 2004, but he failed to appear in court on that day.