# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00426-CV

**Edward D. Westbrook, Appellant**

**v.**

**Vanessa Westbrook, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. D-1-FM-99-010253, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Edward D. Westbrook, appearing pro se, appeals the district court's order confirming child support arrearages, health care insurance premium reimbursement arrearages, and health care expense reimbursement arrearages. We affirm the district court's order.

Edward Westbrook and appellee Vanessa Westbrook were divorced in 2000. They had two minor children. The final decree of divorce required Edward to pay child support, a portion of the premiums for the children's coverage under the health insurance plan provided by Vanessa's employer, and half of the children's reasonable and necessary health care expenses not paid by insurance.

Edward was ordered to appear before the Travis County district court on March 22, 2004, regarding contempt for failure to pay child support. He failed to appear in court

on that day, and the court ordered a capias be issued for his arrest. *See* Tex. Fam. Code Ann. § 157.114 (West 2002). Edward was arrested in August 2005 pursuant to the capias.

In a November 14, 2005 hearing, the appointed associate judge found that the parties had entered into an agreement under which Edward would make monthly payments of $100 to satisfy the arrearage amount of $12,984.61, in addition to his monthly child support payments. The district court approved the associate judge's November 14 findings and recommendations on November 15, 2005. On April 24, 2006, the parties again appeared before an associate judge, who again found that the parties had agreed to monthly payments of $100 on the arrearage amount, which had increased to $13,274.68. The associate judge also recommended that after July 2006—upon which Edward's obligation under the divorce decree to make child support payments ceased because the Westbrooks' youngest child turned 18—Edward's monthly payments to satisfy the remaining arrearage amount would increase to $250. The district court approved the associate judge's April 24 findings and recommendations on May 5, 2006.

Edward appealed to the district court and requested a de novo hearing. *See id.* § 201.015 (West Supp. 2008). On May 26, 2006, the district court held the requested de novo hearing and upheld the court's previous findings and recommendations from the April 2006 hearing.

Edward raises various arguments attacking the accuracy of the $13,274.68 arrearage amount. He complains that he was never given proof of how the amount was determined and calculated, and was only shown a summary document without itemization of medical payments. As a result, he asserts, it is possible that the amount includes insurance premium amounts applicable to

Vanessa's individual coverage, or that it includes expenses incurred prior to the divorce in 2000.[1]

Edward also alleges that in connection with his arrest, he had to pay $3,827, which should be deducted from the arrearage amount. Further, Edward claims that he never received advance notice of any increase in health insurance premiums, which the divorce decree requires for Edward to be responsible for any such increase. However, the Associate Judge's Report Concerning Agreed Orders from the November 2005 hearing contains Edward's signature under the caption "AGREED AS TO BOTH FORM AND SUBSTANCE." We recognize that some courts of appeals have held that such phrase does not, standing alone, establish a consent judgment. *See In re D.C.*, 180 S.W.3d 647, 649-50 (Tex. App.—Waco 2005, no pet.). Here, however, there is additional reference to an agreement of the parties. The arrearage amount is set forth as an "agreed condition," and the associate judge's report is styled as "Concerning Agreed Orders." Edward cannot, on appeal, seek to overturn an order in an amount to which he has agreed.[2]

---

[1] Edward finds evidence for the possibility that the arrearage amount includes pre-divorce expenses in the associate judge's finding, following the November 2005 hearing, that the amount included "both child support arrears and uninsured medical expenses and medical premiums reimbursement *from September 1995* until November 14, 2005." (Emphasis added). We note that during the de novo hearing in May 2006, a representative of the Travis County Domestic Relations Office explained that the reference to September 1995 described the beginning of Vanessa's coverage under her employer's health insurance, not the beginning of the period for which Vanessa sought reimbursement.

[2] Edward contends that he was informed by a representative of the Office of the Attorney General that his signature was not a "sign of admission" to him owing the stated arrearage amount, but was merely to show proof of his presence for mediation, and that the representative knew he did not have and could not afford an attorney during the time of mediation. However, there is nothing in the record that shows any such statements made to Edward, or even that an attorney general representative made an appearance in the November 2005 hearing.

Edward also complains of the district court's failure to adjust the child support arrearages to reflect time periods between the divorce and the hearing during which he was unemployed. A court may modify an order that provides for child support in the event of a change of circumstances. Tex. Fam. Code Ann. § 156.401(a) (West Supp. 2008). However, such a modification only affects obligations accruing *after* the party's appearance in the suit to modify. *See id.* § 156.401(b). The district court, therefore, did not have the authority to retroactively reduce the child support arrearages because of a past change of circumstances.[3] Edward also alleges that the district court refused to allow him to present documents of proof regarding his unemployment, work, and school history. However, while Edward referred to the documents during the de novo hearing, he never attempted to introduce them into evidence. Therefore, the documents are not in evidence and there is no ruling of the court keeping them from being admitted for us to review. Edward failed to preserve any error on this point. *See Sparks v. Booth*, 232 S.W.3d 853, 870 (Tex. App.—Dallas 2007, no pet.).

Edward presents two additional complaints concerning issues not before the district court in the de novo hearing. First, he complains that Vanessa violated the divorce petition's requirement that Edward have visitation rights. However, this issue was not raised in the trial court and, therefore, is waived on appeal. *See* Tex. R. App. P. 33.1(a). Edward also complains that his being "chained down and hand cuffed like a murderer" violated "his Civil Rights." Edward's arrest was a result of a capias issued due to his failure to appear in court when required to

---

[3] We note that Edward had the opportunity to seek modification of his child support payments before the district court on March 22, 2004, but he failed to appear in court on that day.

do so. *See* Tex. Fam. Code Ann. § 157.114. Edward does not identify a specific constitutional right violated by his arrest, and we are unable to identify any constitutional violation on the record before us. *Cf. In re Gonzalez*, 993 S.W.2d 147, 157-58 (Tex. App.—San Antonio 1999, no pet.) (parent may be held in contempt and imprisoned for failure to pay child support).

Having disposed of all of Edward Westbrook's arguments on appeal, we affirm the order of the district court.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   September 25, 2008