**Opinion issued May 2, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00118-CV

———————————

## ANDREW SHEBAY & COMPANY, P.L.L.C., APPELLANT

## V.

## GEORGE M. BISHOP, APPELLEE

On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2007-20832

## O P I N I O N

In this case, we examine whether a criminal conviction for income tax evasion and knowingly filing a false tax return bars a subsequent civil claim for accounting malpractice that arises out of the preparation and filing of the return. We conclude that it does.

## Background

In 1994, George Bishop hired Andrew Shebay & Company PLLC to prepare his personal income tax return for 1991. Shebay delegated the task to his employee, Joel Reed, who prepared the late return. In 1991, Bishop had received $933,333.33 in income from a client of his law practice, but this payment was not reported as income on the 1991 federal income tax return. In 1999, a federal jury convicted Bishop of attempting to evade taxes and knowingly and willfully filing a false tax return for 1991, among other income tax and reporting violations for other years, in part due to his failure to report the client's payment as income. His convictions were affirmed by the Fifth Circuit, which held that sufficient evidence supported each of Bishop's convictions. *See United States v. Bishop*, 264 F.3d 535, 552–53 (5th Cir. 2001).

In 2006, Bishop entered into an Agreed Judgment with the Internal Revenue Service in a later civil case, in which he agreed to the amount of taxes, penalties, and interest he owed for 1991. Bishop then sued Shebay and Reed for accounting malpractice related to the preparation of Bishop's 1991 federal income tax return. Both Reed and Shebay pleaded limitations and collateral estoppel as affirmative defenses. Reed moved for summary judgment, and the trial court granted the motion.

Bishop proceeded to trial on his claims against Shebay after the case was transferred to another court. During the trial, Bishop did not contest the fact of his criminal convictions and admitted to them in his testimony. The Fifth Circuit opinion affirming Bishop's convictions was before the court. After Bishop presented his case-in-chief, Shebay moved for a directed verdict based on collateral estoppel and the statute of limitations. The trial court denied the motion.

A jury found Bishop and Shebay each fifty percent responsible for $750,000 in damages to Bishop, and the trial court entered judgment against Shebay, awarding $375,000 in damages to Bishop. Shebay appeals, contending that (1) Bishop's suit is barred by the statute of limitations; (2) Bishop's suit is barred by collateral estoppel and a public policy against permitting a plaintiff to recover for his criminal acts; and (3) the evidence was legally and factually insufficient to support the jury's findings of comparative negligence. Bishop cross-appeals, contending that the trial court erred in granting summary judgment in favor of Reed.

**Discussion**

I.  **Waiver by Consent Judgment**

As a preliminary matter, we address Bishop's contention that Shebay waived his right to appeal by consenting to the trial court's judgment, by submitting a proposed judgment on the verdict and signing it as "agreed to as to substance and

form." If a party moves the trial court to enter judgment without noting its disagreement, and the trial court enters the requested judgment, the party cannot later complain of that judgment on appeal. *Casu v. Marathon Ref. Co.*, 896 S.W.2d 388, 390 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (citing *First Nat'l Bank of Beeville v. Fojtik*, 775 S.W.2d 632, 633 (Tex. 1989)). But a party desiring to initiate the appellate process may submit a judgment and request that the trial court render judgment without waiving its right to appeal. *See John Masek Corp. v. Davis*, 848 S.W.2d 170, 174–75 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (holding that "merely provid[ing] a draft judgment to conform to what the court had announced would be its judgment" does not result in waiver of appeal); *Glattly v. Air Starter Components, Inc.*, 332 S.W.3d 620, 636 (Tex. App.— Houston [1st Dist.] 2010, pet. denied) (holding party that submitted a proposed judgment but did not move for judgment had not waived its appeal). A proposed judgment submitted by a party need not note the submitting party's disagreement with the contents of the judgment to maintain the right to appeal. *Glattly*, 332 S.W.3d at 636. Rather, clear objections in the trial court or post-trial proceedings evidencing disagreement with the judgment are sufficient. *See id.*; *DeClaris Assocs. v. McCoy Workplace Solutions, L.P.*, 331 S.W.3d 556, 561 (Tex. App.— Houston [14th Dist.] 2011, no pet.) (holding party did not waive right to appeal by moving for judgment on verdict in favor of opposing party when the judge had

previously ruled against the party on key issues in summary judgment and directed verdict). Pertinent here, "simple approval of the form and substance of the judgment does not suffice" to indicate a party's consent to the judgment and a waiver of its right to appeal. *DeClaris*, 331 S.W.3d at 561; *Baw v. Baw*, 949 S.W.2d 764, 767 (Tex. App.—Dallas 1997, no pet.) (holding that counsel's signing judgment as "approved as to form and substance" did not make judgment into consent judgment); *First Am. Title Ins. Co. v. Adams*, 829 S.W.2d 356, 364 (Tex. App.—Corpus Christi 1992, writ denied) (same); *In re D.C.*, 180 S.W.3d 647, 649–50 (Tex. App.—Waco 2005, no pet.) (holding that counsel's agreement as to "form and content" of judgment alone did not constitute agreed judgment).

The record contains no motion for judgment, but Shebay submitted a judgment signed by Shebay's counsel as "approved as to substance and form." Shebay had previously moved for a directed verdict in his favor based on collateral estoppel and limitations after Bishop presented his case, and again moved for judgment notwithstanding the verdict after the verdict on the same grounds. Shebay plainly indicated that he disagreed with the verdict. *See Glattly*, 332 S.W.3d at 636; *DeClaris*, 331 S.W.3d at 560. Because the trial court had denied Shebay's motions, a proposed judgment conforming to the trial court's intended judgment did not waive these objections. *See Davis*, 848 S.W.2d at 174. We hold that the notation on the judgment that Shebay approved it as to both form and

substance was insufficient to create a consent judgment, absent any evidence that the parties actually had reached an agreement. *See DeClaris*, 331 S.W.3d at 560; *Baw*, 949 S.W.2d at 767; *Adams*, 829 S.W.2d at 364. Accordingly, Shebay has not waived his right to appeal.

## II. Collateral Estoppel

Shebay contends that Bishop was collaterally estopped from suing for accounting malpractice related to his 1991 income tax return, because Bishop was criminally convicted of knowingly filing a false return and evading taxes for 1991. Questions of collateral estoppel are matters of law that we review de novo. *Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 44 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Collateral estoppel may prevent a party in a civil case from re-litigating an issue that already was litigated and decided in a criminal case. *Dover v. Baker, Brown, Sharman & Parker*, 859 S.W.2d 441, 447 (Tex. App.—Houston [1st Dist.] 1993, no pet.). The issue must be (1) identical to that in the criminal case; (2) actually litigated; and (3) as determined, a necessary part of the prior judgment. *Id.* "When these requirements are satisfied, a party is estopped from attacking the judgment or any issue necessarily decided by the guilty verdict." *Id.*

Convictions under the tax code for filing a false return and attempted tax evasion bar subsequent civil actions for malpractice against the convicted

taxpayer's accountants for their part in preparing the return. *Id.* at 449. In *Dover*, the plaintiff sued his accountants and lawyers for malpractice for their part in preparing his income tax return. *Id.* at 447. The plaintiff had previously been convicted of filing a false return and attempted tax evasion under sections 7201 and 2206 of the Internal Revenue Code for that return. *Id.* at 444. Our court held that these convictions necessarily determined that the plaintiff had intentionally committed criminal conduct in filing the returns, rather than merely committing an accounting error; thus, collateral estoppel barred the plaintiff from bringing malpractice claims against his accountants. *Id.* at 447–48.

Similarly, to prove his accounting malpractice claim, Bishop must show that the accountants failed to provide competent service and advice, that he acted in reliance on that poor advice, and that the reliance led to his damages. *See Dover*, 859 S.W.2d at 449. But his criminal convictions necessarily determined that Bishop had filed a false income tax return and had evaded taxes knowingly and willfully and not out of reliance on his accountant's advice. *See id.* at 450. Bishop responds that Shebay's and Reed's negligence was not was not part of the criminal case. But as in *Dover*, whether Bishop reasonably had relied on professional advice in preparing his return in 1991 was an issue in both the criminal and civil cases, was actually litigated in that criminal case, and was a necessary part of the criminal judgment. *See id.* at 449–50. Specifically, in holding that sufficient evidence

supports the jury's verdict in Bishop's federal criminal case, the Fifth Circuit noted that Bishop had "provided incomplete and inaccurate information to his return preparer, . . . Joel Reed." *Bishop*, 264 F.3d at 553. We hold that Bishop's criminal convictions estop him from asserting that his damages were the result of his accountants' malpractice rather than his own criminal conduct. *See id.* Accordingly, we reverse the judgment of the trial court insofar as it awards damages to Bishop and render judgment that Bishop take nothing on his claims against Shebay.

## III. Public Policy

Texas public policy prohibits a plaintiff from recovering damages from his own illegal acts. *See Dover*, 859 S.W.2d at 450–51. If, at the time of the plaintiff's injury, the plaintiff was engaged in an illegal act, and that act contributed to the injury, he may not recover. *See id.* at 450 (citing *Gulf, C. & S.F. Ry. v. Johnson*, 9 S.W. 602 (Tex. 1888)). This policy particularly applies when the plaintiff commits the illegal act knowingly and willfully. *Id.* at 451.

At trial, Bishop sought damages for fees for defending against a civil action by the IRS to collect back taxes, as well as the back taxes themselves, fraud penalties, and interest owed to the federal government. Although the damages Bishop seeks were assessed in a civil proceeding, they result from Bishop's failure to report income, for which he was found criminally liable. Bishop's criminal acts

8

of failing to report income were not incidental to the assessment of back taxes and fees but the basis of that assessment. *See id.* at 451. As in *Dover*, Bishop engaged in the underlying criminal activity knowingly and willfully, and the Fifth Circuit, in affirming Bishop's convictions, held that there was sufficient evidence for a jury to determine that he acted willfully. *See id.* at 450; *Bishop*, 264 F.3d at 552–53. Because Bishop's willful criminal acts contributed to his injury, Bishop's claims are barred by public policy. *See Dover*, 859 S.W.2d at 450.

## IV.    Bishop's Cross-Appeal

In his cross-appeal, Bishop contends that the trial court erred in granting Reed's motion for summary judgment because Reed failed to adduce proper summary judgment evidence to prove Reed's affirmative defenses of collateral estoppel and limitations. In particular, Bishop asserts that Reed did not introduce certified copies of Bishop's criminal convictions, but merely cited to the Fifth Circuit opinion.

*Standard of Review*

We review de novo the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant moving for a traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense.

*Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). When, as here, "a trial court's order granting summary judgment does not specify the grounds relied upon, [we] must affirm summary judgment if any of the summary judgment grounds are meritorious." *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000).

*Analysis*

An error in granting a partial summary judgment may be rendered harmless by subsequent proceedings in the trial court. *See Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 921 (Tex. 2005) (per curiam) (holding subsequent jury finding that negates essential element of claim upon which trial court erroneously granted summary judgment renders the error harmless). "[A] trial court is not required to vacate a summary judgment and then reinstate it to accomplish the same end." *Id.*

As discussed above, Bishop's convictions for knowingly filing a false return and attempting to evade taxes for 1991 bar Bishop's accounting malpractice claim. *See Dover*, 859 S.W.2d at 449. Bishop did not contest the fact of his convictions in the trial court. He admitted to them in his testimony at trial. The Fifth Circuit opinion affirming the convictions was also before the court. Any erroneous decision to grant a partial summary judgment because Reed adduced inadequate evidence of Bishop's convictions was rendered harmless by Bishop's later

admissions that he was convicted of filing a false return and attempting to evade taxes. *See Boyd*, 177 S.W.3d at 921. We hold that Bishop's claims against Reed, like those against Shebay, are barred by collateral estoppel and public policy; thus, Bishop's cross-appeal is without merit.

## Conclusion

We hold that collateral estoppel and public policy bar Bishop's accounting malpractice claims. We therefore reverse the judgment of the trial court and render judgment that Bishop take nothing against Shebay. We affirm the trial court's summary judgment that Bishop take nothing against Reed.


Jane Bland
Justice

Panel consists of Justice Jennings, Bland, and Massengale.