**Opinion issued December 28, 2021**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

## NO. 01-20-00147-CV

———————————

### THELMA L. HARMON, Appellant

### V.

### KEVIN LAMAR SUTTON, Appellee

On Appeal from the 308th District Court
Harris County, Texas
Trial Court Case No. 2005-06414

## MEMORANDUM OPINION

Thelma L. Harmon appeals from an order that directs Kevin Lamar Sutton to make monthly payments to her toward a child support arrearage. In a single issue, Harmon argues that the trial court erred by ordering periodic payments that did not require the arrearage to be paid off within two years as required by section 158.003

of the Texas Family Code. Sutton did not file an appellee's brief. We reverse and remand.

## Background

This case involves the support of one minor child, born on August 13, 2002, to Sutton and Danielle Smith. The suit affecting the parent-child relationship ("SAPCR") began around June 2005. Harmon intervened in the SAPCR and is the minor child's aunt. At some point before a final order was signed, Sutton was ordered to pay child support to Harmon. In September 2006, the court found Sutton to be in contempt for failure to pay child support and granted Harmon a judgment for arrearages.

In October 2006, the trial court signed a final order in the SAPCR. The court appointed Harmon and Sutton as joint managing conservators of the child, granting each respective rights and duties. The order dictated that the minor child would reside with Harmon and provided for scheduled parenting time for Sutton.

Sutton and Smith were each ordered to pay child support to Harmon until the child turned 18, graduated from high school, married, or died. The order states that beginning September 1, 2006, Sutton must pay $160 per month in child support and $70 per month in medical support.

In 2019, Harmon filed a motion to enforce child support by contempt. She alleged that Sutton had failed to comply with a September 2006 order holding him

2

in contempt for failing to pay child support. She alleged that he did not comply with the terms of the court's order because he failed to timely pay child support and medical support. She sought a cumulative judgment against Sutton, including outstanding principal and interest due under the September 1, 2006, order and additional past-due child support and interest that had accrued since the October 2006 SAPCR judgment.

The trial court held a hearing in January 2020. Harmon testified that Sutton had been ordered to pay her $160 per month in child support and $70 per month in medical support. She testified that Sutton had not paid any support. During her testimony, the court admitted into evidence earning statements from Sutton's job that dated back to 2013. The evidence showed that Sutton's annual gross income was the following:

| 2013 | $41,130 |
|------|---------|
| 2014 | $49,516 |
| 2015 | $59.077 |
| 2016 | $58,225 |
| 2017 | $55,256 |
| 2018 | $72,099 |

Harmon also testified that the business records showed that as of July 7, 2019, Sutton had earned $46,654 in 2019.

3

Sutton was present at the hearing with his attorney. He objected to Harmon's motion, claiming that, due to a punctuation error, the original order only ordered him to pay one child support payment and did not order him to pay recurring monthly child support. The trial court overruled his objection. Sutton did not put on any witnesses or introduce any evidence. At the conclusion of the hearing, the court found Sutton in contempt of court for failure to pay support. The court ordered him confined to jail for 30 days but suspended the commitment and placed him on community supervision for six months.

The court found that Sutton owed child support arrearages, including interest and past judgments awarded, totaling $37,653.79 as of October 18, 2019. The court ordered that Sutton pay $100 per month toward the child support arrearage until paid in full, with the amount increasing to $250 per month following emancipation of the minor.[1]

The court also found that Sutton owed cash medical support arrearages including interest of $15,008.96 as of October 18, 2019. The court ordered him to pay $50 per month until paid in full while the child was a minor and ordered that the amount increase to $100 per month following emancipation. The court also awarded Harmon $2,500 in attorney's fees.

---

[1] The minor was expected to become emancipated around August 2020.

## Unreasonable Hardship

On appeal, Harmon contends that the trial court abused its discretion by permitting Sutton to pay off his arrearages over a period which will exceed the two-year limit set by section 158.004 of the Family Code because Sutton presented no evidence to show that a two-year payout would cause him "to suffer unreasonable hardship" as contemplated by section 158.007.[2] We agree.

### A.      Standard of Review and Applicable Law

If a motion for enforcement of child support requests a money judgment for arrearages, the court "shall confirm the amount of arrearages" and render a cumulative money judgment for the amount of child support and medical support owed. TEX. FAM. CODE § 157.263(a). We review the court's ruling under an abuse of discretion standard. *Att'y Gen. of Tex. v. Stevens*, 84 S.W.3d 720, 722 (Tex. App.—Houston [1st Dist.] 2002, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without any reference to guiding rules and principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Additionally, a trial court abuses its discretion if it fails to analyze or apply the law correctly. *Stevens*, 84 S.W.3d at 722 (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

---

[2]      The term "section" as used hereinafter refers to a section of the Family Code unless otherwise indicated.

Chapter 158 of the Family Code governs income withholding for child support. *See* TEX. FAM. CODE § 158.001–158.507. Section 158.001 requires the court to order that income be withheld from the disposable earnings of the obligor "[i]n a proceeding in which periodic payments of child support are ordered, modified, or enforced." *Id.* § 158.001. When withholding for arrearages in addition to current support, the additional amount withheld for arrearages shall be "an amount sufficient to discharge those arrearages in not more than two years or an additional 20 percent added to the amount of the current monthly support order" whichever results in the arrearages being discharged the fastest. *Id.* § 158.003. When no current support is due, the court "shall order" income withholding "in an amount sufficient to discharge those arrearages in not more than two years." *Id.* § 158.004.

The trial court may extend the payment period for "a reasonable length of time" if it finds that the schedule for discharging arrearages would "cause the obligor, the obligor's family, or children for whom support is due from the obligor to suffer unreasonable hardship." *Id.* § 158.007; *In re D.C.*, 180 S.W.3d 647, 652 (Tex. App.—Waco 2005, no pet.). The maximum amount of withholding permitted is 50 percent of the obligor's disposable earnings. TEX. FAM. CODE § 158.009. "Disposable earnings" means earnings remaining after deducting "any amount required by law to be withheld, union dues, nondiscretionary retirement

contributions, and medical, hospitalization, and disability insurance coverage for the obligor and the obligor's children." *Id.* § 101.010.

## B. Analysis

Harmon does not dispute the amount of arrearages. Our review is limited to the issue of whether the court abused its discretion by permitting Sutton to pay the arrearages over a period which will exceed two years.

The trial court found that Sutton owed $37,653.78 in child support arrearages and $15,008.96 in medical support arrearages as of October 2019. The order on arrearages requires Sutton to pay $150 each month toward arrearages before the child is emancipated and $350 per month toward arrearages after the minor child becomes emancipated. At the time of the hearing in January 2020, the child was expected to be emancipated in August 2020. The trial court's payment schedule both before and after emancipation permits Sutton to pay the arrearages over a period which far exceeds two years. *See* TEX. FAM. CODE §§ 158.003, 158.004.

Harmon argues that the trial court abused its discretion because the trial court did not conduct an examination into whether the extended payoff time was necessary to avoid a hardship to Sutton. *See id.* § 158.007. Sutton did not provide the court with testimonial or documentary evidence. The only evidence of Sutton's financial circumstances was introduced during Harmon's testimony. The evidence

7

confirmed that Sutton was employed between 2013 and 2019 with an annual income ranging from approximately $41,000 to $72,000. The payoff plan allows Sutton to pay back the medical support and child support arrearages over 25 and 30 years, respectively. While section 158.009 limits income withholding to 50 percent of an obligor's disposable earnings, there is nothing in the record that provides a factual basis to grant Sutton a hardship exception under section 158.007 that results in a 25-to-30-year payment plan. *See D.C.*, 180 S.W.3d at 653 (record did not support implied finding of hardship to extend payment of arrearages over more than two years).

The trial court abused its discretion in ordering that Sutton pay child support arrearages during a 25-to-30-year period without making a finding of hardship under section 158.007. We sustain Harmon's appellate issue.

## Conclusion

We reverse the part of the trial court's order that dictates that before the minor child is emancipated, Sutton must pay $100 in child support arrearage and $50 in medical support arrearage per month. We reverse the part of the trial court's order that states that Sutton shall make periodic payments of $250 in child support arrearage and $100 in medical arrearage to Harmon after the child is emancipated. We remand for further proceedings in accordance with this opinion.

Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Farris.

9