**FIRST NATIONAL BANK OF BEE-
VILLE, Jack Chesnut and Bevans
Welder, Petitioners,**

v.

**Felix FOJTIK and Cecelia Fojtik, Individually and d/b/a Fojtik Auction &
Equipment Company, Fojtik Farms,
Fojtik Ranch Company, Respondents.**

No. C–7833.

Supreme Court of Texas.

June 28, 1989.

On Rehearing Sept. 13, 1989.

Tamara Tejml Cuthrell, Frank E. Weathered, Corpus Christi, Marion E. Williams, Jr., Beeville, Ronald B. Brin, Corpus Christi, for petitioners.

James H. Robichaux, Corpus Christi, for respondents.

PER CURIAM.

Felix and Cecelia Fojtik brought suit against First National Bank of Beeville and two of its directors, Bevans Welder and Jack Chesnut, for breach of contract, conversion, tortious interference, fraud, conspiracy and violations of the Texas Deceptive Trade Practices—Consumer Protection Act (DTPA), Tex. Bus. & Com. Code Ann. §§ 17.41—.63 (Vernon 1987). The jury returned a verdict in favor of the Fojtiks against First National Bank for breach of contract, violations of the DTPA and fraud, but not for tortious interference or conversion. The jury, however, answered all damage issues with findings of zero damages. We agree with the court of appeals that this cause should be reversed and remanded for a new trial. 752 S.W.2d 669 (1988).

In the trial court, Fojtik filed a motion for judgment which stated:

While Plaintiffs disagree with the findings of the jury and feel there is a fatal defect which will support a new trial, in the event the Court is not inclined to grant a new trial prior to the entry of judgment, Plaintiffs pray the Court enter the following judgment. Plaintiffs agree only as to the form of the judgment but disagree and should not be construed as concurring with the content and result.

In the court of appeals, Fojtik asserted that the jury's findings of zero damages were against the great weight and preponderance of the evidence and fatally conflicted with the findings on liability and causation. We do not agree with the portion of the opinion of that court which states that Fojtik may not complain that the evidence fails to support the jury's findings on damages. There must be a method by which a party who desires to initiate the appellate process may move the trial court to render judgment without being bound by its terms. Fojtik's reservation of the right to complain in the instant case was an appropriate exercise of such a right and is distinguishable from the attempted reservation in *Litton Industrial Products, Inc. v. Gammage*, 668 S.W.2d 319, 322 (Tex.1984). The application for writ of error is denied.