ACCEPTED
14-14-00983-CV
FOURTEENTH COURT OF APPEAL
HOUSTON, TEXAS
12/29/2014 12:04:03 PM
CHRISTOPHER PRIN
CLERK

# No. 14-14-00983-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
12/29/2014 12:04:03 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS FOR THE
FOURTEENTH DISTRICT OF TEXAS

JEFFRAY ALTER

V.

BENJAMIN CARMONA AND BEACON SALES ACQUISITIONS, INC.

On Appeal from the 61st Judicial District Court of Harris County, Texas
District Court Cause No. 2011-23496

## MOTION TO DISMISS APPEAL

TO THE HONORABLE FOURTEENTH COURT OF APPEALS:

Appellees, Benjamin Carmona and Beacon Sales Acquisitions, Inc., file this

Motion to Dismiss the appeal in this matter filed by Appellant, Jeffray Alter.

### PRELIMINARY STATEMENT

This appeal should be dismissed because Jeffray Alter unconditionally

moved for entry of the trial court's Final Judgment in this case, and in the form

Jeffray Alter drafted and approved. As a result, Jeffray Alter has waived any right

to challenge the judgment on appeal.

## ARGUMENT

Following the jury trial of this matter, Jeffray Alter filed a Notice of Submission, attaching a document the Notice referred to as *"Plaintiff's* Final Judgment." (Ex. A) (emphasis added). The proposed Final Judgment attached to the Notice was drafted by Plaintiff and signed by his counsel. (*Id.*) The proposed Final Judgment "incorporated" the jury charge and verdict "for all purposes," and set forth each of the jury's findings in the proposed Final Judgment itself. (*Id.*) It also states: "Because it appears to the Court that the verdict of the jury is for the Plaintiff, judgment should be rendered on the verdict in favor of the Plaintiff." (*Id.*) Again, all of this language was drafted by Plaintiff. The Court signed Jeffray Alter's proposed Final Judgment, without any changes, on September 23, 2014. (Ex. B)

On October 9, 2014, Appellee's insurance carrier tendered a check in the amount of $19,092.16, comprised of the $16,246.87 judgment plus $2,845.29 in post-judgment interest. By way of its delivery from Hawkins & Associate on October 16, 2014, this check was unconditionally tendered to Alter's counsel for full payment and satisfaction of the judgment, plus interest, that Alter proposed and set for submission. (Ex. C) Alter now attempts to appeal the very judgment he asked the trial court to enter, and has not returned the check.

2

### A. Generally, a party waives its right to appeal by proposing, consenting, or agreeing to a final judgment.

It is black letter law that a party can waive its right to appeal by proposing a Final Judgment. Indeed, a party generally cannot appeal from or attack a judgment to which it has consented or agreed. *See, e.g.*, *Boufaissal v. Boufaissal*, 251 S.W.3d 160, 166 (Tex. App.—Dallas 2008, no pet.) (holding party cannot complain on appeal about an invited action or ruling); *Bonner v. Tex. Children's Hosp.*, No. 13-03-228-CV, 2006 Tex. App. LEXIS 1331, at \*10 (Tex. App.—Corpus Christi 2006, pet. denied) (holding party waived right to appeal a judgment that was requested "unqualified"); *Leeper v. Woodrick*, No. 2-04-00371-CV, 2005 Tex. App. LEXIS 4834, at \*7 (Tex. App.—Fort Worth 2005, no pet.) (dismissing appeal on grounds that appellant consented to judgment); *In re P.M.M.*, No. 07-00-00253-CV, 2001 Tex. App. LEXIS 955, at \*4-5 (Tex. App.—Amarillo 2001, no pet.) (affirming order appellant approved "as to form and substance"); *Hosey v. First Nat'l Bank*, 595 S.W.2d 629, 630 (Tex. Civ. App.—Corpus Christi 1980, writ dism'd) (holding party waived right to appeal from agreed judgment); *Posey v. Plains Pipe Line Co.*, 39 S.W.2d 1100, 1100 (Tex. Civ. App.—Amarillo 1931, no writ) (holding party had no right to appeal agreed judgment).

The rationale behind this rule is that a party should not be allowed to challenge on appeal an action or ruling which it invited. *Gillum v. Republic Health Corp.*, 778 S.W.2d 558, 563 (Tex. App.—Dallas 1989, no pet.). A party's consent

3

to the trial court's entry of judgment waives any error, except for jurisdictional error, contained in the judgment, and that party has nothing to properly present for appellate review. *DeLee v. Allied Finance Co.*, 408 S.W.2d 245, 247 (Tex. Civ. App.—Dallas 1966, no writ).

**B.  To preserve a right to appeal, a party must make the trial court aware that it disagreed with the final judgment.**

If a party wants to preserve the right to appeal, it must follow steps set forth by the Texas Supreme Court in *First Nat'l Bank of Beeville v. Fojtik*, 775 S.W.2d 632, 633 (Tex. 1989). These are not difficult, but they are mandatory.

In *Fojtik*, after the jury returned a verdict of zero damages, the plaintiffs filed a motion for judgment that read as follows:

> While Plaintiffs disagree with the findings of the jury and feel there is a fatal defect which will support a new trial, in the event the Court is not inclined to grant a new trial prior to the entry of judgment, Plaintiffs pray the Court enter the following judgment. *Plaintiffs agree only as to the form of the judgment but disagree and should not be construed as concurring with the content and result.*

*Id.* at 633 (emphasis added). The Supreme Court recognized the plaintiffs' "reservation of the right to complain . . . [as] an appropriate exercise of such a right." *Id.* It explained: "There must be a method by which a party who desires to initiate the appellate process may move the trial court to render judgment without being bound by its terms." *Id.*

4

Courts applying *Fojtik* have clarified that, although "specific language" may not be absolutely necessary, the issue is "whether the trial court was made aware that the party requesting judgment be entered disagreed with the judgment." *Seeberger v. BNSF Ry. Co.*, No. 01-12-00583-CV, 2013 Tex. App. LEXIS 12108, at *7 (Tex. App.—Houston [1st Dist.] Sept. 26, 2013, pet. denied). One court explained that "when a party makes an unqualified motion for entry of judgment . . . the only issue is whether the trial court entered the judgment that the party asked it to enter." *Sincerely Yours, L.P. v. NCI Bldg. Sys.*, L.P., No. 07-10-00280-CV, 2011 Tex. App. LEXIS 931, at *5 (Tex. App.—Amarillo 2011, pet. denied). That court ultimately dismissed the appeal in that case, concluding:

> If a party moves for entry of judgment without reservation, as [appellant] did in the present case, we hold that all appellate issues that challenge the judgment or any portion of the judgment that was unqualifiedly requested by that party and entered by the trial court are waived. If a party wants to preserve issues for attack on appeal, the party must reserve that right in its motion for entry of judgment by stating that it agrees only with the form of the judgment, and disagrees with the content and result of the judgment.

*Id.* at *6-7.

**C.    Jeffray Alter waived his right to appeal by unconditionally requesting the Final Judgment.**

Jeffray Alter did not follow any of the steps set forth in *Fojtik* or the cases following it. In fact, he did exactly the opposite. Alter requested the trial court to sign a final judgment without ever stating his disagreement with the judgment,

5

without explaining he was agreed only as "to form," without reserving his right to appeal, and without otherwise noting his intention to challenge the judgment. Instead, Alter unconditionally submitted a proposed Final Judgment (signed by his counsel) that rendered judgment in his favor. At the time of this action, the trial court was not aware that Alter disagreed with the judgment.[1] And it entered the judgment Alter requested. As such, Alter waived his right to appeal the Final Judgment and the jury's findings incorporated into that judgment.

## CONCLUSION

For all these reasons, Appellees, Benjamin Carmona and Beacon Sales Acquisitions, Inc., request the Court to dismiss Jeffray Alter's appeal (before setting the parties' briefing schedule, to save time and resources) because he received exactly what he requested—a Final Judgment based on the jury's findings. Appellees further request any further relief to which they are entitled.

Respectfully submitted,

/s/ *Jessica Z. Barger*
Jessica Z. Barger
State Bar No. 24032706
Bradley W. Snead
State Bar No. 24049835
WRIGHT & CLOSE, LLP

---

[1] A month later, on October 22, 2014, Alter filed a motion for new trial and motion for judgment notwithstanding the verdict complaining about the judgment and expressing his intent to appeal. This is too late. This occurred *after* the trial court signed his proposed final judgment that he set for submission. Alter *never* indicated to the trial court that he disagreed with the verdict prior to submitting a proposed judgment on the jury's verdict. The trial court signed Alter's proposed judgment based on the jury's verdict.

6

One Riverway, Suite 2200
Houston, Texas 77056
(713) 572-4321
(713) 572-4320 (fax)
barger@wrightclose.com
snead@wrightclose.com

**ATTORNEYS FOR BENJAMIN CARMONA AND BEACON SALES ACQUISITION, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that, on December 29, 2014, a true and correct copy of this document was served on counsel of record in compliance with the Texas Rules of Appellate Procedure:

Richard Plezia
Bridget Ann White
RICHARD J. PLEZIA & ASSOCIATES
11200 Westheimer, Suite 620
Houston, Texas 77042

Frederick J. Dailey
FREDERICK J. DAILEY P.C.
1710 South Dairy Ashford, Suite 103
Houston, Texas 77077

/s/  *Jessica Z. Barger*
Jessica Z. Barger

# TAB A

CAUSE NO. 2011-23496

| | | |
|---|---|---|
| JEFFRAY ALTER | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| BENJAMIN CARMONA & BEACON | § | |
| SALES ACQUISITION, INC. | § | 61ST JUDICIAL DISTRICT |

## NOTICE OF SUBMISSION

Please take notice that Plaintiff's Final Judgment will be heard by submission on the 22nd day of September, 2014 at 8:00 a.m. before the Honorable Judge Al Bennett, located at 201 Caroline, Houston, Texas 77002.

Respectfully submitted,

/s/ Richard J. Plezia
RICHARD J. PLEZIA

**RICHARD J. PLEZIA & ASSOCIATES**
11200 Westheimer, Suite 620
Houston, Texas 77042
Telephone: 713-800-1151
Facsimile: 281-602-7735
**CO-COUNSEL FOR PLAINTIFF**

**FREDERICK J. DAILEY**
14730 Carolcrest
Houston, Texas 77079
Telephone: (281) 493-3333
Facsimile: (281) 497-2463
**CO-COUNSEL FOR PLAINTIFF**

Certified Document Number: 62297276 - Page 1 of 2

## CERTIFICATE OF SERVICE

Pursuant to Texas Rules of Civil Procedure, I have delivered copies of this document on the 10th day of September, 2014, to all opposing counsel and/or parties in one or more of the following ways (as indicated):

  ___ Certified Mail Return Receipt Requested
  _X_ Telephonic Document Transfer (Via Fax)
  ___ Regular Mail
  ___ Hand Delivery
  _X_ Notice Provided by E-filing with the Court


            */s/ Richard J. Plezia*
            RICHARD J. PLEZIA

*Steven R. Hollingsworth*
**HAWKINS & ASSOCIATES**
2777 Allen Parkway, Suite 370
Houston, Texas 77019

Certified Document Number: 62297276 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2014

Certified Document Number:        62297276 Total Pages: 2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2011-23496

JEFFRAY ALTER § IN THE DISTRICT COURT OF
§
V. § HARRIS COUNTY, TEXAS
§
BENJAMIN CARMONA & BEACON § 
SALES ACQUISITION, INC. § 61ST JUDICIAL DISTRICT

## FINAL JUDGMENT

On August 25, 2014, this cause came to be heard and Jeffray Alter, appeared in person and by attorney of record and announced ready for trial. Benjamin Carmona and Beacon Sales Acquisition, Inc., Defendants, appeared in person and by attorney of record and announced ready for trial. A jury consisting of twelve qualified jurors was duly empanelled and the case proceeded to trial.

The Court after motion for Directed Verdict brought by the Defendants granted a directed verdict dismissing Plaintiff's claims for gross negligence on the part of both against Defendants, Beacon and Carmona. The Court after motion for Directed Verdict brought by the Plaintiff granted Directed Verdict dismissing claims for contributory negligence alleged by Defendants.

At the conclusion of the evidence, the Court submitted the questions of fact in the case to the jury. The charge of the Court and the verdict of the jury are incorporated for all purposes by reference herein. The jury returned the following finding:

## QUESTION NO. 1:

Did the negligence, if any, of Benjamin Carmona proximately cause the occurrence in question?

Beacon Sales Acquisition, Inc. is legally responsible for the conduct of Benjamin Carmona, its employee, on the occasion in question.

Answer "Yes" or "No":

_____YES_____

*Final Judgment* 1

**QUESTION NO. 2:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Jeffray Alter for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

You are instructed that any monetary recovery for loss of earning capacity is subject to federal income taxes. Any recovery for any other element of damages listed below is not subject to federal income taxes.

Do not include any amount for any condition that did not result from the occurrence in question.

Do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition was aggravated by any other injuries that resulted from the occurrence in question.

Do not include any amount for any condition resulting from the failure, if any, of Jeffray Alter to have acted as a person of ordinary prudence would have done under the same or similar circumstances in caring for and treating his injuries, if any, that resulted from the occurrence in question.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Jeffray Alter, in Question Nos. 1 and 2. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

*Final Judgment*                                                                2

a. Physical pain and mental anguish sustained in the past.

Answer: ___$1,000.00___

b. Physical pain and mental anguish that, in reasonable probability, Jeffray Alter will sustain in the future.

Answer: ___$0.00_____

c. Physical impairment sustained in the past.

Answer: ___$0.00_____

d. Physical impairment that, in reasonable probability, Jeffray Alter will sustain in the future.

Answer: ___$0.00_____

e. Loss of earning capacity sustained in the past.

Answer: ___$0.00_____

f. Loss of earning capacity that, in reasonable probability, Jeffray Alter will sustain in the future.

Answer: ___$0.00_____

g. Medical care expenses incurred in the past.

Answer: ___$15,246.87___

h. Medical care expenses that, in reasonable probability, Jeffray Alter will incur in the future.

Answer: ___$0.00_____

Because it appears to the Court that the verdict of the jury is for the Plaintiff, judgment should be rendered on the verdict in favor of the Plaintiff.

Further, the Court finds that prejudgment interest is 5.0%. On September 2, 2014, the prime rate was 3.25%. Prejudgment interest beings on April 17, 2011, the date the lawsuit was

Certified Document Number: 62297275 - Page 3 of 5

filed, to and including the day before the date shown when this judgment is signed. The daily rate of prejudgment interest is 0.01369863%.

Further, the Court finds Benjamin Carmona was working within the course and scope of his employer Beacon Sales Acquisition, Inc. This was admitted by the parties, both Plaintiff and Defendants.

Further, the Court finds that pursuant to Tex. Prac. & Rem. Code § 33.013 Beacons Sales Acquisition, Inc. is liable for the judgment rendered herein.

Further, the Court finds that the amount of the judgment for Jeffray Alter is $16,246.87.

**IT IS THEREFORE ORDERED** that Jeffray Alter recover actual damages from the Defendant Beacon Sales Acquisition, Inc. in the sum of $16,246.87 plus prejudgment and post judgment interest as calculated in this order.

**IT IS THEREFORE ORDERED** that the total amount of the judgment here rendered will bear interest at the rate of 5.00% compounded annually until the date the judgment is paid. The daily rate is: 0.01369863%.

All costs of court spent or incurred in this cause are adjudged against Defendants.

All writs and processes for the enforcement and collection of this judgment or the costs of court may issue as necessary.

All relief requested in this case and not expressly granted is denied. This judgment finally disposes of all parties and claims and is a final judgment.

All other relief not expressly granted in this judgment is denied.

SIGNED this _____ day of _____, 2014.

_____
JUDGE PRESIDING

Certified Document Number: 62297275 - Page 4 of 5

_____
RICHARD J. PLEZIA
Texas Bar No. 16072800
**RICHARD J. PLEZIA & ASSOCIATES**
11200 Westheimer Rd., Suite 620
Houston, Texas 77042
Phone: 713-800-1151
Facsimile: 281-602-7735

**ATTORNEY FOR PLAINTIFF**

*Final Judgment*

Certified Document Number: 62297275 - Page 5 of 5



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2014

Certified Document Number:        62297275 Total Pages: 5

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

TAB B

9/10/2014 3:59:18 PM
Chris Daniel - District Clerk Harris County
Envelope No. 2449173
By: TERESA KIRBY

CAUSE NO. 2011-23496

| JEFFRAY ALTER | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| BENJAMIN CARMONA & BEACON | § | |
| SALES ACQUISITION, INC. | § | 61ST JUDICIAL DISTRICT |

## FINAL JUDGMENT

On August 25, 2014, this cause came to be heard and Jeffray Alter, appeared in person and by attorney of record and announced ready for trial. Benjamin Carmona and Beacon Sales Acquisition, Inc., Defendants, appeared in person and by attorney of record and announced ready for trial. A jury consisting of twelve qualified jurors was duly empanelled and the case proceeded to trial.

The Court after motion for Directed Verdict brought by the Defendants granted a directed verdict dismissing Plaintiff's claims for gross negligence on the part of both against Defendants, Beacon and Carmona. The Court after motion for Directed Verdict brought by the Plaintiff granted Directed Verdict dismissing claims for contributory negligence alleged by Defendants.

At the conclusion of the evidence, the Court submitted the questions of fact in the case to the jury. The charge of the Court and the verdict of the jury are incorporated for all purposes by reference herein. The jury returned the following finding:

## QUESTION NO. 1:

Did the negligence, if any, of Benjamin Carmona proximately cause the occurrence in question?

Beacon Sales Acquisition, Inc. is legally responsible for the conduct of Benjamin Carmona, its employee, on the occasion in question.

Answer "Yes" or "No":

____YES____

*Final Judgment*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

1

Certified Document Number: 62464336 - Page 1 of 5

## QUESTION NO. 2:

What sum of money, if paid now in cash, would fairly and reasonably compensate Jeffray Alter for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

You are instructed that any monetary recovery for loss of earning capacity is subject to federal income taxes. Any recovery for any other element of damages listed below is not subject to federal income taxes.

Do not include any amount for any condition that did not result from the occurrence in question.

Do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition was aggravated by any other injuries that resulted from the occurrence in question.

Do not include any amount for any condition resulting from the failure, if any, of Jeffray Alter to have acted as a person of ordinary prudence would have done under the same or similar circumstances in caring for and treating his injuries, if any, that resulted from the occurrence in question.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Jeffray Alter, in Question Nos. 1 and 2. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

*Final Judgment* 2

a. Physical pain and mental anguish sustained in the past.

Answer: ___$1,000.00___

b. Physical pain and mental anguish that, in reasonable probability, Jeffray Alter will sustain in the future.

Answer: ___$0.00_____

c. Physical impairment sustained in the past.

Answer: ___$0.00_____

d. Physical impairment that, in reasonable probability, Jeffray Alter will sustain in the future.

Answer: ___$0.00_____

e. Loss of earning capacity sustained in the past.

Answer: ___$0.00_____

f. Loss of earning capacity that, in reasonable probability, Jeffray Alter will sustain in the future.

Answer: ___$0.00_____

g. Medical care expenses incurred in the past.

Answer: ___$15,246.87___

h. Medical care expenses that, in reasonable probability, Jeffray Alter will incur in the future.

Answer: ___$0.00_____

Because it appears to the Court that the verdict of the jury is for the Plaintiff, judgment should be rendered on the verdict in favor of the Plaintiff.

Further, the Court finds that prejudgment interest is 5.0%. On September 2, 2014, the prime rate was 3.25%. Prejudgment interest beings on April 17, 2011, the date the lawsuit was

*Final Judgment* 3

Certified Document Number: 62464336 - Page 3 of 5

filed, to and including the day before the date shown when this judgment is signed. The daily rate of prejudgment interest is 0.01369863%.

Further, the Court finds Benjamin Carmona was working within the course and scope of his employer Beacon Sales Acquisition, Inc. This was admitted by the parties, both Plaintiff and Defendants.

Further, the Court finds that pursuant to Tex. Prac. & Rem. Code § 33.013 Beacons Sales Acquisition, Inc. is liable for the judgment rendered herein.

Further, the Court finds that the amount of the judgment for Jeffray Alter is $16,246.87.

**IT IS THEREFORE ORDERED** that Jeffray Alter recover actual damages from the Defendant Beacon Sales Acquisition, Inc. in the sum of $16,246.87 plus prejudgment and post judgment interest as calculated in this order.

**IT IS THEREFORE ORDERED** that the total amount of the judgment here rendered will bear interest at the rate of 5.00% compounded annually until the date the judgment is paid. The daily rate is: 0.01369863%.

All costs of court spent or incurred in this cause are adjudged against Defendants.

All writs and processes for the enforcement and collection of this judgment or the costs of court may issue as necessary.

All relief requested in this case and not expressly granted is denied. This judgment finally disposes of all parties and claims and is a final judgment.

All other relief not expressly granted in this judgment is denied.

SIGNED this _____ day of __SEP 2 3 2014__, 201__.

_____
JUDGE PRESIDING

Certified Document Number: 62464336 - Page 4 of 5

*Final Judgment* 4

RICHARD J. PLEZIA
Texas Bar No. 16072800
**RICHARD J. PLEZIA & ASSOCIATES**
11200 Westheimer Rd., Suite 620
Houston, Texas 77042
Phone: 713-800-1151
Facsimile: 281-602-7735

**ATTORNEY FOR PLAINTIFF**

*Final Judgment*

Certified Document Number: 62464336 - Page 5 of 5



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 6, 2014

Certified Document Number:        62464336 Total Pages:  5

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# TAB C

P4000028001

**AMERICAN INTERNATIONAL GROUP - (LMS)**
P.O. Box 9918
Amarillo, TX 79105-5918

201410100108

Electronic Service Requested

*Oct. 16-14*
*10.16.14*
4477-CLH
Hawkins & Associates

OCT 1 6 2014

1 OF 1

ENV 13899

3-DIGIT 770

13899 0.3820 AT 0.403

C. HAWKINS % HAWKINS & ASSOC          57
2777 ALLEN PKWY STE 370
HOUSTON, TX 77019-2192

Check No.: 27251226
RFP No.: 657077
Check Date: 10/10/2014
Check Amount: 19,092.16
Insured: BEACON SALES ACQUISITION, INC.
Claimant: ALTER JEFFRAY

Claim Office: 684
Insuring Company: NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH
Payee Name: JEFFRAY ALTER AND HIS ATTORNEY

| Policy No. | Claim No. | Symbol | Date of Loss | Type | Status | Amount |
|---|---|---|---|---|---|---|
| 000001469509 | 00341124 | 03 | 12/21/2010 | IND | O | 19,092.16 |
| | | | | | Total Amount | 19,092.16 |

**Reason for Payment**
JUDGMENT PLUS INTEREST

**Use File # 684/00341124 on all correspondence for prompt processing.**
**For check information call: 877-802-5246**

FOR SECURITY PURPOSES, THE FACE OF THIS DOCUMENT CONTAINS ■ A BLUE BACKGROUND AND MICROPRINTING IN THE BORDER

**NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH**

50-937/213

Claim No: 00341124   Policy No.: 000001469509
Reason for Payment   JUDGMENT PLUS INTEREST

*********Nineteen  Thousand Ninety Two & 16/100 Dollars***

| CHECK No. | 27251226 |
| RFP No. | 00657077 |
| DATE | 10/10/2014 |

**AMOUNT PAID**

*******$19,092.16

Void after 90 Days

Pay
TO THE
ORDER OF

JEFFRAY ALTER AND HIS ATTORNEY
RICHARD J. PLEZIA

1833533

JPMORGAN CHASE BANK, N.A
SYRACUSE, NY 13206

AUTHORIZED SIGNATURE

DO NOT CASH IF WATERMARK IS NOT PRESENT ON THE REVERSE SIDE OF THIS DOCUMENT - HOLD AT AN ANGLE TO VIEW

⑈27251226⑈ ⑆021309379⑆ 786420539⑈

# HAWKINS & ASSOCIATES

Attorneys At Law

2777 Allen Parkway • Suite 370 • Houston, Texas 77019

TEL: 713-831-4800 • FAX: 830-542-5616

CONNIE L. HAWKINS
MARGO ORNELAS
BRIAN G. CANO
OLGA PANCHENKO

VIVIAN L. ETHRIDGE
Located in San Antonio, TX
Direct Dial: 713-702-4139

October 16, 2014

Richard Plezia
Richard J. Plezia & Associates
11200 Westheimer, Suite 620
Houston, Texas 77042

Via Overnight Delivery

Re:    Cause No. 2011-23496; *Jeffray Alter v. Benjamin Carmona and Beacon Sales Acquisition, Inc.;* In the 61st Judicial District Court, Harris County, Texas

Enclosed please find a copy of the Final Judgment and check number 27251226, in the amount of $19,092.16, made payable to Jeffray Alter and His Attorney Richard Plezia. Defendants tender this amount unconditionally in full satisfaction and for release of the judgment dated September 23, 2014 rendered in Cause No. 2011-23496 styled; *Jeffray Alter v. Benjamin Carmona and Beacon Sales Acquisition, Inc.* pending in the 61st Judicial District Court, Harris County, Texas.

Should you have any questions, please feel free to call me.

Sincerely,

Connie L. Hawkins

cc:    Frederick J. Daily
Frederick J. Daily, P.C
1710 South Dairy Ashford, Suite 103
Houston, Texas 77077

**UPS CampusShip: View/Print Label**

1. Ensure there are no other shipping or tracking labels attached to your package.   Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. Fold the printed sheet containing the label at the line so that the entire shipping label is visible. Place the label on a single side of the package and cover it completely with clear plastic shipping tape. Do not cover any seams or closures on the package with the label.   Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. GETTING YOUR SHIPMENT TO UPS
   UPS locations include the UPS Store®, UPS drop boxes, UPS customer centers, authorized retail outlets and UPS drivers.
   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   Hand the package to any UPS driver in your area.
   Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

FOLD HERE



 **Proof of Delivery**

Close Window

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

| | |
|---|---|
| Tracking Number: | 1Z87E0E21396738941 |
| Service: | UPS Next Day Air Saver® |
| Shipped/Billed On: | 10/16/2014 |
| Delivered On: | 10/17/2014 12:48 P.M. |
| Delivered To: | HOUSTON, TX, US |
| Signed By: | NORRA |
| Left At: | Reception |

Thank you for giving us this opportunity to serve you.

Sincerely,

UPS

Tracking results provided by UPS:  10/21/2014 11:58 A.M.   ET

Print This Page

Close Window