**Affirmed and Memorandum Opinion filed December 5, 2019.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-17-00870-CV

### SONYA ASHLEY, Appellant

**v.**

### NORTH HOUSTON POLE LINE, L.P. AND JOAQUIN JIMENEZ, Appellees

**On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2014-71128**

## MEMORANDUM OPINION

Appellant Sonya Ashley appeals from a final judgment awarding her $207,617.44 in actual damages on her negligence claims against appellees North Houston Pole Line, L.P. and Joaquin Jimenez. As we hold that Ashley waived her two issues on appeal, we affirm.

### I.    BACKGROUND

Ashley claims that her vehicle was hit by a truck driven by Jimenez in the

course and scope of his employment with North Houston. Ashley brought suit asserting negligence claims against North Houston and Jimenez. At trial, the jury awarded Ashley $207,617.44 in actual damages. Ashley moved for judgment on this verdict, submitting a proposed final judgment for $207,617.44 in actual damages plus pre- and post-judgment interest and court costs.[1] The trial court signed the final judgment requested by Ashley, who then filed a notice of appeal.

## II.    ANALYSIS

Ashley contends in two issues that (1) the trial court erred in admitting the counter-affidavit and trial testimony of appellees' expert Dr. David Randall and (2) the amount of damages awarded by the jury was against the great weight and preponderance of the evidence. We first address appellees' contention that these issues have been waived because Ashley moved for judgment on the jury's verdict and failed to preserve any complaints on appeal.

A party who moves for judgment on the verdict and does not reserve the right to complain may not take a position on appeal inconsistent with that part of the judgment. *Litton Indus. Prods., Inc. v. Gammage*, 668 S.W.2d 319, 321–22 (Tex. 1984); *see First Nat'l Bank of Beeville v. Fojtik*, 775 S.W.2d 632, 633 (Tex. 1989). To preserve the right to complain about a judgment on appeal, a movant for judgment must make the trial court aware of its disagreement with the content and result of the judgment. *See Fojtik*, 775 S.W.2d at 633 (no waiver when plaintiffs' motion for entry of judgment referenced plaintiffs' motion for new trial, stated that plaintiffs agreed only with form of judgment, and specified plaintiffs' disagreement with content and result of judgment).

Here, Ashley moved for judgment on the jury's verdict, attaching her

---

[1] The judgment also reflected an agreement between Ashley and intervenor the City of Houston regarding reimbursement of the city's statutory workers' compensation lien.

proposed judgment as an exhibit, which the trial court signed as its final judgment. She did not file a motion for a new trial or otherwise object to the verdict prior to moving for judgment. Neither Ashley's motion for entry of judgment, nor the final judgment itself, references any disagreement with the jury's verdict, nor do the documents note that the proposed judgment was approved "in form only." Ashley's proposed judgment, moreover, sought the same amount of actual damages in the jury verdict—$207,617.44. Having moved for judgment on the jury's verdict without reservation, Ashley cannot now challenge that judgment on appeal. *See Litton*, 668 S.W.2d at 321–22 (holding that movant could not challenge on appeal actual damages it moved for in final judgment); *see also* Tex. R. Civ. P. 324(b) (requiring motion for new trial to complain of factual insufficiency of evidence to support jury finding).

Ashley claims that language in the final judgment stating it was "appealable" preserves error. We disagree. The sentence Ashley refers to states, "This judgment is final, disposes of all claims and all parties, and is appealable." This boilerplate language concerning the finality of the judgment fails to preserve a complaint for appellate review. *See* Tex. R. App. P. 33.1(a) (general rule for preservation of appellate complaints); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001).

Ashley also claims that her notice of appeal demonstrates that she disagreed with the judgment. Her postjudgment notice of appeal, however, does not satisfy the requirements of Texas Rule of Civil Procedure 324(a), (b) and Texas Rule of Appellate Procedure 33.1(a).

The cases that Ashley cites in her briefing are distinguishable. While Ashley argues that *Fojtik* favors her position, Ashley's statement that the final judgment "is appealable" does not comport with *Fojtik*, where the supreme court held that

plaintiffs had preserved error by specifying in their motion for judgment that they "disagree with the findings of the jury" and "feel there is a fatal defect [in the judgment] which will support a new trial," and by requesting entry of the proposed judgment only if the trial court denied their motion for a new trial. 775 S.W.2d at 633. Ashley, by contrast, did not move for a new trial, and did not include any language either in her motion for entry of judgment, or in the final judgment itself, explicitly expressing any disagreement with the terms of the judgment. Ashley also cites *Melissinos v. Phamanivong*, which involved a party who challenged the proposed final judgment and also moved for a new trial—circumstances not present here. 823 S.W.2d 339, 342 (Tex. App.—Texarkana 1991, writ denied). Likewise, *Andrew Shebay & Co., P.L.L.C. v. Bishop* involved a losing party that did not move for judgment, but instead approved the form and substance of the prevailing party's proposed judgment only after filing a motion for judgment notwithstanding the verdict, thereby clearly expressing its disagreement with the judgment ultimately issued. 429 S.W.3d 644, 647–48 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). Ashley also cites *Seeberger v. BNSF Railway Co.* for the proposition that, "[i]n applying *Fojtik*, [courts] have not required specific language be used to reserve a right to appeal, but instead have focused on whether the trial court was made aware that the party requesting judgment be entered disagreed with the judgment." No. 01-12-00583-CV, 2013 WL 5434141, at *3 (Tex. App.—Houston [1st Dist.] Sept. 26, 2013, pet. denied) (mem. op.). We agree with this statement, but disagree that Ashley took any steps to make the trial court "aware" that she "disagreed with the judgment" she proposed.

With regard to her argument that the trial court should have excluded the testimony of Dr. Randall, Ashley cites *Green v. Texas Workers' Compensation Insurance Facility*, 993 S.W.2d 839 (Tex. App.—Austin 1999, pet. denied). In

4

*Green*, the Third Court of Appeals held that the plaintiff had not waived his right to appeal the exclusion of his expert at trial when the plaintiff had "never taken a position inconsistent with his contention that the exclusion of [his expert]'s testimony was error." *Id.* at 843. Again, however, the factual settings are different. Green moved for a new trial, which Ashley failed to do. *Id.* at 841. Green's expert, moreover, would have testified about a claim on which Green was denied relief at trial. *Id.* at 842–43.

In contrast to *Green*, Ashley challenges the jury verdict in her favor on which she moved for judgment. Ashley admits that the substance of her issue regarding Dr. Randall was that the court's ruling affected the amount of damages she was awarded, stating in her appellate brief that "the trial court's failure to exclude Dr. Randall constituted error and resulted in a woefully inadequate award for damages by the jury." Ashley waived this issue when she moved to enter judgment on the verdict. The cases of this court applying *Litton* and *Fojtik* hold that such evidentiary errors are waived unless the party complaining about such errors and requesting the judgment expresses disagreement with its terms. *See Jones v. Union Pac. R.R. Co.*, No. 14-02-01289-CV, 2004 WL 1688175, at *2 (Tex. App.—Houston [14th Dist.] July 29, 2004, pet. denied) (mem. op.) ("Because appellant moved for judgment based on the jury's finding of his loss of earning capacity, he cannot now take the inconsistent position that erroneously admitted evidence resulted in an improper judgment."); *Menchaca v. Bishop*, No. 14-94-00480-CV, 1996 WL 170272, at *2 (Tex. App.—Houston [14th Dist.] Apr. 11, 1996, no writ) (mem. op., not designated for publication) ("It is counterintuitive for appellant to move the trial court to enter a particular judgment, and subsequently, complain that the same judgment was improper based on the trial court's evidentiary rulings.").

Accordingly, we conclude that Ashley's two issues are waived.

### III.  CONCLUSION

We affirm the judgment of the trial court.


/s/     Charles A. Spain
          Justice


Panel consists of Justices Wise, Zimmerer, and Spain.

6