**Motion for Rehearing Granted, Relief Denied, and Supplemental Opinion on Rehearing filed March 8, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00991-CV

---

### DHI HOLDINGS, LP, Appellant

### V.

### DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE3; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE3; AND SPECIALIZED LOAN SERVICING, LLC, Appellees

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-06668**

### OPINION ON REHEARING

Appellant DHI Holdings, LP filed a motion for rehearing contending this court erred in determining that DHI failed to preserve error when it requested the trial court render a final summary judgment against its interest without

appropriately making the trial court aware of its disagreement with the judgment. DHI raises four issues on rehearing: (1) there was no settlement of any of DHI's claims; (2) DHI made the trial court aware of its disagreement with the judgment; (3) DHI did not invite error by asking for the judgment to be rendered; and (4) the record shows the trial court held its ruling in abeyance after inviting the parties to reach agreement on the disposition of DHI's claims. We grant DHI's motion to address these contentions.

DHI agreed to dismiss without prejudice all of its claims against the Deutsche parties except for its claim that the deed of trust lien is void because the Deutsche parties did not foreclose within the four-year limitations period and did not waive or abandon acceleration. In its rehearing issue 1, DHI argues that the majority opinion rests on the incorrect assumption that it settled this claim. Though settlement broadly includes the "amicable settlement of controversies," *Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 280 (Tex. 1995), we need not define "settlement" for purposes of this opinion. Whether we refer to a settlement agreement or a Rule 11 agreement, DHI agreed to the resolution of its claims against the Deutsche parties through the rendition of judgment against its interest, before any ruling by the trial court. Though DHI argues it received no consideration, DHI did receive a benefit. It avoided a trial and saved significant time and expense by settling.

In effect, DHI sought a permissive appeal, a procedure by which a trial court may permit an appeal from an interlocutory order that is not otherwise appealable. Tex. R. Civ. P. 168. This type of appeal is allowed by statute if (1) the order being appealed involved a controlling question of law as to which there is a substantial ground for difference of opinion, and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See id*.; Tex. Civ.

Prac. & Rem. Code Ann. § 51.014(d). However, the parties chose not to request permission to appeal under Texas Rule of Civil Procedure 168, and instead agreed to rendition of judgment. *See* Tex. R. Civ. P. 168.

In rehearing issues 2 and 3, DHI argues that it did not invite error and the trial court was aware of its disagreement with the judgment. DHI argues that the majority opinion, relying on *First National Bank of Beeville v. Fojtik*, mechanically applied a presumption that the only way to preserve error was specifying disagreement with the substance of the judgment in the agreed motion or the judgment itself. 775 S.W.2d 632, 633 (Tex. 1989). While we agree that *Fojtik* does not require a party to specify its disagreement in a motion, we are not persuaded by DHI's assertion that the trial court should review the entire record to determine the intent of the party seeking rendition of judgment. *See id*. Trial courts manage busy dockets. When parties settle or resolve their claims, a trial court is almost always required to sign a judgment or dismissal. The trial court has no affirmative duty to review the "record as a whole" to determine the underlying intent and position of the parties. *See* Tex. R. App. P. 33.1 (requiring preservation of complaints for appellate review to be made with sufficient specificity to make trial court aware of complaint unless specific grounds were apparent from context). To the extent that preservation of the specific ground was apparent from context, that context must relate to the present, not the past.[1]

DHI repeatedly cites to its Rule 11 agreement with the Deutsche parties to demonstrate that it made the trial court aware of its disagreement with the

---

[1] DHI also refers to the agreed judgment to which DHI agreed only as to form. However, the fact the final judgment states that DHI agreed "only as to form" tells this court, and the trial court, nothing about whether DHI made known its disagreement with the substantive relief it asked the trial court to render.

judgment and preserved error.[2] However, an agreement between parties "is not a plea, pleading, or motion" and "while filing a Rule 11 Agreement with the trial court is a requirement for enforcement, it is not in and of itself a request for enforcement or any other affirmative action by the trial court." *Exito Elecs. Co., Ltd. v. Trejo*, 142 S.W.3d 302, 305, 306 (Tex. 2004). The Rule 11 agreement was not included as part of the agreed motion for entry of judgment, nor does the record reflect that the terms of the Rule 11 agreement were brought to the attention of the trial court as part of its consideration of the agreed motion. *See* Tex. R. App. P. 33.1; *Fojtik*, 775 S.W.2d at 633; *see also Hart v. Berko, Inc.* 881 S.W.2d 502, 512 (Tex. App.—El Paso 1994, writ denied).

DHI argues in rehearing issue 4 that the record reflects the trial court made a ruling on the merits before signing the agreed final judgment. Citing again to the Rule 11 agreement, DHI argues this court should infer that the trial court ruled against its motion for summary judgment and held that ruling in abeyance, suggesting the Rule 11 agreement was also a trial court order. We are aware of no authority to support the elevation of a Rule 11 agreement to the level of a court order.

Having granted the motion for rehearing and considered and overruled appellant's issues, we deny appellant's requested relief. The court's opinion and judgment remain unchanged.

/s/    Charles A. Spain
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain. (Zimmerer, J., dissenting).

---

[2] DHI also cites to the finding in the judgment which states DHI preserved its right to appeal. We address that contention and finding in the majority opinion.

4