

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00350-CV

---

DAVID CARR, APPELLANT

V.

CLASSIC SPECIAL AUTOMOTIVE, LTD d/b/a ROUND ROCK TOYOTA, CINTAS
CORPORATION NO. 2, and TIDWELL PROFESSIONAL POWER TOUCH, LLC,
APPELLEES

On Appeal from the 395th District Court
Williamson County, Texas[1]
Trial Court No. 22-1374-C395, Honorable Scott K. Field, Presiding

June 10, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

After Appellant David Carr slipped and fell on wet tiles at a Toyota dealership, he

brought suit against Appellee Classic Special Automotive, LTD d/b/a Round Rock Toyota

---

[1] This cause was originally filed in the Third Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

for premises liability. The trial court granted Round Rock Toyota's motion for summary judgment, from which Carr brings this appeal. We affirm.

## Background

On a rainy May morning in 2021, Carr called Round Rock Toyota to arrange a car purchase for his brother. The sales manager agreed to hold the vehicle until the brothers could drive up from San Antonio.

Carr and his brother made the trip through steady rain that had turned to mist by the time they reached the dealership. Everything was coated with moisture, including the tile flooring inside the showroom. Carr stepped over puddles in the parking lot, and his shoes were wet when he entered the building.

The brothers walked across the wet tile floor to meet with the sales staff. Carr noticed the water on the tiles—it looked "like a mist" and was visible to him. Over the course of their visit, he crossed the same wet area at least four times without incident.

When another customer stepped into Carr's path, he sidestepped to avoid colliding with the customer. Carr's foot slipped on the wet tiles and he fell. He testified that nothing other than the water caused his fall and that he would not have slipped if the floor had been dry.

Carr sued the Round Rock Toyota, its cleaning company, and another contractor. The trial court granted summary judgment for the dealership and the cleaning company. Carr settled with the third defendant and later resolved his claims against the cleaning company, leaving only the dealership at the time of appeal.

2

**Analysis**

<u>Did Carr waive his appellate rights by conduct?</u>

As a preliminary matter, Round Rock Toyota argues that Carr waived his appellate rights by moving for a final judgment without reserving his rights and by signing the judgment under a heading marked "Agreed" instead of agreeing only to the form of the order. We are unable to say that Carr forfeited his appellate rights on this record. After adverse summary judgment rulings, Carr filed a detailed motion for reconsideration arguing the trial court's ruling was in error. The final judgment that Carr signed explicitly declares the summary judgment orders to be "final and appealable."

The law does not require forfeiture of appellate rights based on procedural missteps when a party's intent to appeal is clear. As the Third Court noted in *Green v. Tex. Workers' Comp. Ins. Facility*, the Supreme Court's waiver decisions stand for the "more limited proposition that a party may not, after motion for entry of judgment on the verdict, take a position on appeal inconsistent with that judgment." 993 S.W.2d 839, 843 (Tex. App.—Austin 1999, pet. denied) (*discussing First Nat'l Bank of Beeville v. Fojtik*, 775 S.W.2d 632, 633 (Tex. 1989) and *Litton Indus. Prods., Inc. v. Gammage*, 668 S.W.2d 319, 321–22 (Tex. 1984)).

Here, the record reflects Carr opposed the trial court's summary judgment. Obtaining the final judgment accomplished the beneficial purpose of consolidating multiple interlocutory orders into one final judgment so he could appeal. Carr's position on appeal is entirely consistent with his position below. We overrule Round Rock Toyota's waiver claim.

3

<u>Summary Judgment</u>

Through a single issue, Carr argues the trial court erred in granting summary judgment for Round Rock Toyota.[2]  The dealership moved for summary judgment on traditional and no-evidence grounds.

The standards governing our review of no-evidence summary judgments are well-established and need not be reiterated here.  *See Merriman v. XTO Energy, Inc.,* 407 S.W.3d 244, 248 (Tex. 2013); *Sanchez-Rolon v. Pactiv, LLC,* No. 03-23-00031-CV, 2024 Tex. App. LEXIS 9095, at \*6–9 (Tex. App.—Austin Dec. 31, 2024, no pet.) (mem. op.). We view the evidence in the light most favorable to Carr, crediting evidence a reasonable jury could credit.  *Merriman,* 407 S.W.3d at 248.

It is undisputed that Carr was an invitee of Round Rock Toyota.  To prevail on a premises liability claim, an invitee must prove: (1) the owner had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner did not exercise reasonable care to reduce the risk; and (4) the owner's failure to use reasonable care proximately caused the plaintiff's injuries. *Motel 6 G.P. v. Lopez,* 929 S.W.2d 1, 3 (Tex. 1996) (per curiam).  However, this duty extends only to "concealed, unreasonably dangerous conditions."  *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 802 (Tex. 2022).  When a hazard is open and obvious or known to the visitor, the landowner has no duty to warn because "the law presumes

---

[2] *See Malooly Bros, Inc. v. Napier***,** 461 S.W.2d 119, 121 (Tex. 1970) (point of error on appeal stating simply that trial court erred by granting summary judgment "allow[s] argument as to all the possible grounds upon which summary judgment should have been denied.").

that invitees will take reasonable measures to protect themselves against known risks." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

Carr's own summary judgment evidence dooms his case. He admitted that the wet tiles were visible and obvious to him from the moment he entered the dealership. He arrived from the rain and a wet parking lot in wet shoes. Inside the dealership, he walked across the same wet area at least four times before falling. The water was not concealed—he described it as visible and a mist coating the floor.

Carr's expert, Radebach, opined that the tiles were extra slippery because they were not covered by mats. He reasoned that without mats, contaminants accumulated on the tiles and became more slippery because of the mist and rain. But notably, Radebach did not opine that anything was wrong with the tiles themselves—only that wet tiles are slippery. Nor did Carr present evidence that the accumulated contaminants created a dangerous condition materially different from the wet, slippery surface he admittedly observed and navigated multiple times.

When an invitee has actual knowledge of a dangerous condition, the landowner's duty to warn or make safe is discharged. *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 n.13 (Tex. 2021). Just as the Supreme Court held in *Henkel v. Norman* that awareness of a "slippery condition" is sufficient regardless of the specific material causing it, Carr's knowledge of wet, slippery tiles defeats his claim regardless of whether contaminants enhanced the slipperiness. 441 S.W.3d 249, 253 (Tex. 2014). When a slippery condition is open and obvious to the invitee, "the law presumes that

invitees will take measures to protect themselves against known risks." *Austin*, 465 S.W.3d at 203.

In summary, we hold that Carr cannot recover for a fall caused by a condition he saw, understood, and successfully navigated multiple times. We overrule his issue. Because the no-evidence motion was properly granted, we need not address the dealership's traditional motion for summary judgment. TEX. R. APP. P. 47.1

**Conclusion**

We affirm the trial court's judgment.

Lawrence M. Doss
Justice